[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/03/99
THOMAS K. KAHN
CLERK

_____

No. 98-3609

_____

Board of Immigration Appeals
No. A41 556 167

DUAN LE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,
IMMIGRATION AND NATURALIZATION SERVICE,

Respondents.

_____

Appeal from an Order of the
Board of Immigration Appeals

_____

**(December 3, 1999)**

Before ANDERSON, Chief Judge, TJOFLAT, Circuit Judge, and FAY, Senior Circuit Judge.

PER CURIAM:

The sole question presented in this appeal is whether the offense of which petitioner was convicted is an aggravated felony under the controlling federal law. We hold that it is and meets the requirements of section 101(a)(43) of the Immigration and Nationality Act ("INA"). See 8 U.S.C. § 1101(a)(43)(F).

Petitioner, Duan Le, a Vietnam citizen, was convicted of two third degree felonies – driving under the influence with serious bodily injury[1] and driving with a suspended license with serious bodily injury[2] – on December 30, 1996. On June 24, 1997, the Immigration and Naturalization Service ("INS") filed a notice to appear with the Executive Office of Immigration Review. The INS charged that Mr. Le was subject to removal from the United States because he had been convicted of an aggravated felony as defined in section 101(a)(43) of the INA. On September 11, 1997, the immigration judge found Mr. Le subject to deportation because he was convicted of an aggravated felony. Mr. Le appealed to the Board of Immigration Appeals ("Board") on September 23, 1997. On October 21, 1998, the Board affirmed the immigration judge's removal order and dismissed the appeal.

Mr. Le appeals the Board's determination that driving under the influence with serious bodily injury is an aggravated felony under section 101(a)(43)(F) of the INA.

---

[1]Fla. Stat. Ann. § 316.193(3)(1996).

[2]Fla. Stat. Ann. § 322.34(3)(1996).

2

For the reasons set forth below, we hold that Mr. Le was convicted of an aggravated felony. Therefore, we do not have jurisdiction to review Mr. Le's deportation because section 242(a)(2)(C) of the INA provides that we do not have jurisdiction to review any final order of removal against an alien convicted of an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C). Consequently, we AFFIRM the decision of the Board of Immigration Appeals and DISMISS the petition for review.

We review the Board's statutory interpretation of the INA de novo, but we will defer to the Board's interpretation if it is reasonable. See Ascencio v. INS, 37 F.3d 614 (11th Cir. 1994). Accordingly, at issue here is whether the Board's determination that the crime of driving under the influence with serious bodily injury is a crime of violence and therefore an aggravated felony as defined in section 101(a)(43)(F) of the INA is a reasonable interpretation of that statute.

Section 242(a)(2)(C) of the INA bars judicial review of a final order of removal against an alien who is removable by reason of having been convicted of an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C). The term aggravated felony is defined as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(F). Mr. Le was sentenced to a term of imprisonment of thirty-three months; thus, the only issue that remains is whether his crime, driving under the

influence with serious bodily injury, was a crime of violence. If Mr. Le's offense was a crime of violence, this Court will be barred from reviewing the Board's final order of removal.

The term "crime of violence" is defined as

> "(a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 16. Mr. Le was convicted under Fla. Stat. Ann. § 316.193(3). Florida law establishes two elements for this offense. The first element requires that Mr. Le operated a vehicle while under the influence. The second element requires that as a result of such operation he caused serious bodily injury to another. See id. Clearly, serious bodily injury is included as an element of this offense. Consequently, Mr. Le's conviction for driving under the influence with serious bodily injury satisfies the definition of a "crime of violence" under section 16(a) of Title 18 because one element of the offense includes the actual use of physical force.

The government proffers the argument that Le's offense of driving under the influence involved a substantial risk of the use of physical force even without the additional aggravating factor of serious bodily injury and thus that it meets the definition of a "crime of violence" under section 16(b) of Title 18. We need not

4

address that argument here because Mr. Le's crime satisfies the definition of "crime of violence" under section 16(a) of Title 18. Therefore, because Mr. Le's crime was a crime of violence that resulted in a sentence to him of more than one year, Mr. Le was convicted of an aggravated felony and we are barred from reviewing Mr. Le's removal by section 242(a)(2)(C) of the INA. See 8 U.S.C. § 1252(a)(2)(C).

AFFIRMED.

APPEAL DISMISSED.