**UNITED STATES of America**

v.

**Russell Kim McGILL**

**No. CRIM.A. 1:03CR283–T.**

United States District Court,
M.D. Alabama,
Southern Division.

Dec. 15, 2004.

Joseph P. Van Heest, Attorney at Law, Montgomery, AL, for Defendant.

Kent B. Brunson, U.S. Attorney's Office, Montgomery, AL, for Plaintiff.

### ORDER

MYRON H. THOMPSON, District Judge.

In this criminal case, the court is presented with several issues regarding the defendant's Presentence Investigation Report, including whether an Alabama felony conviction for driving under the influence

of alcohol (DUI) constitutes a crime of violence under § 4B1.2 of the United States Sentencing Guidelines.

## I.

Defendant Russell Kim McGill has been convicted of driving under the influence of alcohol in the State of Alabama several times, including two felony DUI convictions on April 9, 1995, and April 14, 1999. On February 11, 2003, law enforcement officers arrested him at his residence in Enterprise, Alabama, after they observed him removing a plastic container containing a substance that appeared to be methamphetamine from his pants pocket. Upon his arrest, the officers obtained both McGill's consent as well as a warrant to search his home, and found three operable shotguns in an "entertainment room" in his residence. McGill was subsequently charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1).[1] He pled guilty to this offense on July 27, 2004, in a written plea agreement pursuant to Fed.R.Crim.P. 11(c)(1)(B).

McGill has two objections to the United States Probation Officer's calculation of his sentence under the Sentencing Guidelines. First, he objects to the probation officer's calculation of his base offense level as 24 pursuant to U.S.S.G. § 2K2.1(a)(2), based on the determination that he has sustained two prior felony convictions for a "crime of violence." McGill argues that his two felony DUI convictions do not qualify as "crimes of violence" under the Guidelines and that, therefore, his base offense level should instead be a 14, according to § 2K2.1(a)(6).

McGill's second objection is dependent on his first. He contends that because his two prior felony DUI convictions are not crimes of violence, his base offense level should be further reduced to a level six under U.S.S.G. § 2K2.1(b)(2), because his firearms were possessed solely for lawful sporting purposes.

For the reasons that follow, McGill's objections will be overruled.

## A.

Section 2K2.1 of the Guidelines assigns base offense levels for various firearms possession offenses, including 18 U.S.C.A. § 922(g)(1). Subsection (a)(2) of § 2K2.1 states that a defendant's base offense level should be 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of . . . a crime of violence." According to Application Note 1 of the Commentary to § 2K2.1, " 'crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."

Section 4B1.2(a)(2), in turn, states that, "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." Application Note 1 to § 4B1.2(a)(2) similarly provides that, "Other offenses are included as 'crimes of violence' if . . . the conduct set forth (i.e. expressly charged) in the count of which the defendant was convicted . . .

---

1. McGill was also charged with and convicted of possession of a controlled substance in the Circuit Court of Coffee County, Alabama as a result of the February 11, 2003 arrest and subsequent search of his home. On September 8, 2004, he received a split sentence of 10 years imprisonment, to serve one year with nine years suspended and three years probation. The State is currently waiting for this court to sentence McGill on the federal charge before setting a date for his voluntary surrender.

by its nature, presented a serious potential risk of physical injury to another."

■ Under Alabama law, 1975 Ala.Code § 32–5A–191(a)(2) & (h), DUI is a misdemeanor offense until a fourth or subsequent conviction, at which point it becomes a Class C felony punishable by imprisonment of not less than one year and one day.[2] McGill is a repeat DUI offender; he has sustained a total of five DUI convictions, the last two of which were felony convictions.[3] The issue is thus whether the two felony DUI offenses committed by McGill in violation of Alabama law constitute "crimes of violence" such that, by their nature, they presented a serious potential risk of physical injury to another.

### i.

In *United States v. Rubio*, 317 F.3d 1240 (11th Cir.2003), the Eleventh Circuit Court of Appeals held that a prior conviction for DUI causing serious bodily harm was a "crime of violence" within the meaning of § 4B1.2. In reaching this conclusion, the court relied heavily on its prior ruling in *Le v. U.S. Atty. Gen.*, 196 F.3d 1352 (11th Cir.1999), in which it held that a conviction for DUI causing serious bodily injury was a "crime of violence" under 8 U.S.C.A. § 1101(a)(43)(F) (§ 101(a)(43)(F) of the Immigration and Naturalization Act ("INA")) and was therefore a ground for deportation.[4] The court thus concluded in *Rubio*, "Based on our holding in *Le*, and the substantial similarity of the definition of 'crime of violence' under the INA and the sentencing guidelines, we find that the offense of DUI causing serious bodily injury is a crime of violence under the sentencing guidelines." 317 F.3d at 1243.

On November 9, 2004, the United States Supreme Court expressly overruled *Le* in *Leocal v. Ashcroft*, 543 U.S. ——, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), holding that state DUI offenses which do not have a *mens rea* component, or require only a showing of negligence in the operation of a vehicle, do not qualify as "crimes of violence" warranting deportation under the INA. 543 U.S. at ——, 125 S.Ct. at 380.

The holding in *Leocal* is based largely on the specific language of the definitional statute, 18 U.S.C.A. § 16. Most relevant to McGill's case, the Court concluded that a conviction of DUI causing serious bodily injury does not qualify as a crime of vio-

---

**2.** 1975 Ala.Code § 32–5A–191 states, in relevant part:

"(a) A person shall not drive or be in actual physical control of any vehicle while ... (2) Under the influence of alcohol....

(h) On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony ... and punished ... by imprisonment of not less than one year and one day...."

**3.** McGill was first convicted of misdemeanor DUI in 1990, at the age of 22. Then, within a two-month period in 1993, he received two additional misdemeanor DUI convictions. McGill was subsequently convicted of his fourth and fifth felony DUIs in 1995 and 1998. Upon each of these convictions, he received a sentence of one year and one day imprisonment, suspended, and a term of probation.

**4.** Under § 237(a)(2)(A)(iii) of the INA, aliens are subject to deportation or removal based on the commission of an aggravated felony. Section 101(a)(43) of the INA defines "aggravated felony" to include "a crime of violence [as defined in 18 U.S.C.A. § 16]."

18 U.S.C.A. § 16, in turn, defines the term "crime of violence" to mean:

"(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another", or

"(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

.

lence under § 16(b) because the statute requires there to be a "substantial risk" that physical force might be actively "used" against another in the course of committing the offense. The Court reasoned that the statute does not apply to all conduct from which there is simply a substantial risk that harm will result; rather, § 16(b) relates "to the risk that the *use* of physical *force against another* might be required in committing a crime." 543 U.S. at ——, 125 S.Ct. at 383 (emphasis added).

In footnote seven of the opinion, the Court explicitly distinguished the Sentencing Guidelines' definition of "crime of violence," as used in § 4B1.2, from the definition contained in 18 U.S.C.A. § 16:

> "Compare § 16(b) (requiring a 'substantial risk that physical force against the person or property of another may be used'), with United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2)(Nov.2003) (in the context of a career offender sentencing enhancement, defining "crime of violence" as meaning, *inter alia,* 'conduct that presents a serious potential risk of physical injury to another'). The risk that an accident may occur when an individual drives while intoxicated is simply not the same thing as the risk that the individual may 'use' physical force against another in committing the DUI offense."

543 U.S. at ——, 125 S.Ct. 383, n. 7. Thus, the footnote all but states that the Court's holding in *Leocal* in no way implicates the § 4B1.2 definition of "crime of violence."

Based on the Supreme Court's reasoning in *Leocal,* this court concludes that the linguistic distinction between "a substantial *risk* that physical *force* against the

person or property of another may be *used,*" as provided in 18 U.S.C.A. § 16(b) (emphasis added), and "conduct that *presents* a serious potential *risk* of physical *injury* to another," as stated in U.S.S.G. § 4B1.2 (emphasis added), is significant. The § 16(b) definition of "crime of violence" employs both the words "force" and "used," which connote action and intent. In contrast, § 4B1.2 discusses a "crime of violence" in terms of conduct that merely "presents" a risk of "injury," which is more passive language suggesting that even negligent or reckless conduct likely qualifies.

The fact that in *Rubio* the Eleventh Circuit relied almost exclusively on *Le* and what it deemed to be "substantial similarities" between the § 16 and § 4B1.2 "crime of violence" definitions in *Rubio* does not change this analysis. First, the Supreme Court's explicit distinction between the two definitions in footnote seven of *Leocal* is sufficient to negate any previously perceived similarities by the Eleventh Circuit. Furthermore, a number of other circuit courts have held that various forms of DUI are "crimes of violence" under U.S.S.G. § 4B1.2 without relying by analogy on 18 U.S.C.A. § 16. *See, e.g., United States v. Rutherford,* 54 F.3d 370 (7th Cir.1995) (DUI causing serious injury); *United States v. Jernigan,* 257 F.3d 865, 866 (8th Cir.2001) (negligent homicide while driving under the influence); *United States v. De-Santiago–Gonzalez,* 207 F.3d 261, 264 (5th Cir.2000) (three convictions for misdemeanor DUI offenses); *United States v. Farnsworth,* 92 F.3d 1001, 1008–09 (10th Cir.1996) (killing a human being while driving under the influence).[5] The *Leocal*

---

**5.** At the sentencing hearing on December 4, 2004, McGill's attorney cited *United States v. Torres–Ruiz,* 387 F.3d 1179 (10th Cir.2004), as a potentially favorable case for the defense. However, *Torres–Ruiz* is inapposite to

McGill's position. In that case, the defendant pled guilty to illegal reentry following deportation, in violation of 8 U.S.C.A. § 1326. The issue at sentencing was whether his prior California state conviction for felony DUI was

decision does nothing to undermine the reasoning of these cases.

Nor does it matter that the DUI offenses committed by McGill did not result in bodily injury. While many of the circuits that have addressed the issue have done so in the context of determining whether a DUI causing some form of serious bodily injury is a "crime of violence" under § 4B1.2(a)(2), the cases make clear that it is the *nature* of the act of drunk driving itself, rather than any potential *result* that flows from the act, that renders felony DUI a "crime of violence" under the Sentencing Guidelines. As the Seventh Circuit explained in *Rutherford*, "To say that [the defendant's] conduct created a serious risk of injury because he in fact injured another person is nonsensical." 54 F.3d at 376. "Drunk driving is a reckless act, perhaps an act of gross recklessness. Any drunk driver who takes to the road should know he runs a risk of injuring another person. ... By driving while intoxicated, [the defendant] present[s] a serious risk of physical injury to another. The dangers of drunk driving are well-known and well documented." *Id.* (internal quotations omitted).

Thus, although several of the circuits that have addressed the issue have done so in the context of DUI causing serious bodily injury, the Seventh Circuit's holding in *Rutherford* clearly rests on the notion that felony DUI is a "crime of violence" under the Guidelines simply because the conduct itself creates a risk of injury, regardless of whether an injury actually results and regardless of whether the conduct was willful, knowing, reckless, or even negligent.

ii.

■ At the sentencing hearing on December 4, 2004, McGill made an alternative argument that the Alabama statute under which he was convicted is too broad to be categorically deemed a crime of violence, because the elements of the offense prohibit a person not only from driving under the influence, but also from being "in actual physical control of any vehicle." 1975 Ala.Code § 32–5A–191(a). He pointed out that Alabama courts have held that a person under the influence of alcohol can be guilty of violating the statute simply by sitting in a vehicle with the engine hot or running, or by steering a broken-down car that is being pushed. *See, e.g., Adams v. State,* 585 So.2d 161, 163–164 (Ala.1991) ("It is not required that one be actually driving a vehicle in order to be found guilty of violating § 32–5A–191(a)"); *Mester v. State,* 755 So.2d 66 (Ala.Crim.App. 1999) (defendant violated § 32–5A–191(a) by sitting behind the wheel and guiding the direction of an inoperable vehicle that was being pushed to its destination by another car); *Davis v. State,* 505 So.2d 1303, 1305 (Ala.Cr.App.1987) ("Actual physical control is defined as the exclusive physical power, and present ability, to operate, move, park, or direct whatever use or non-use is to be made of the motor vehicle at the moment") (internal quotation marks omitted). McGill thus argues that because the mere act of being in "actual physical control" of a vehicle while under the influence of alcohol cannot logically be considered a "crime of violence," 1975 Ala. Code § 32–5A–191(a) falls outside the pur-

a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The definition of "crime of violence" under that provision of the Guidelines significantly differs from the definition provided in § 4B1.2. Application Note 1(B)(iii) to § 2L1.2 provides a very specific list of offenses qualifying as "crimes of vio-

lence," including "murder, manslaughter, kidnapping, aggravated assault ... or any offense ... that has as an element the use, attempted use, or threatened use of physical force against the person of another." This definition is much closer to that of 18 U.S.C.A. § 16 than it is to § 4B1.2.

view of § 4B1.2 when examined under a categorical approach.

The court finds this argument compelling but ultimately unpersuasive. By definition, a person under the influence of alcohol who is in "actual physical control" of a vehicle has the *present ability* to drive, move or steer the vehicle in some manner; thus, a "serious potential risk of physical injury to another" still exists even if the individual never actually operates the vehicle. An intoxicated person seated behind the wheel of a car with keys in hand poses a serious risk of physical injury to others because, as a result of his intoxication, his judgment is substantially impaired and thus there is a reasonable likelihood that he would, at any moment, start up the engine and begin driving in a manner that creates a serious risk of physical injury. Likewise, there is a serious potential risk that even a defendant who is merely steering an inoperable vehicle under the influence of alcohol could veer into a pedestrian, parked car, biker or other moving vehicle. As discussed above, the "risk of physical injury" described in § 4B1.2 is that which arises from the *potential* that the offense conduct may result in harm to someone else. It is not defined in terms of the *results* that have actually occurred due to the offense behavior. Therefore, because 1975 Ala.Code § 32–5A–191(a) describes conduct that poses a serious potential risk of physical injury to another, it is not outside the realm of the "crime of violence" definition in § 4B1.2.

### B.

Because this court concludes that DUI is a "crime of violence" as defined by U.S.S.G. § 4B1.2, it follows that McGill's second objection must also be overruled.

■ Section 2K2.1(b)(2) provides that, "If the defendant, *other than a defendant subject to subsection ... (a)(2) ...*, pos-

sessed all ammunition and firearms solely for lawful sporting purposes or collection ... decrease the offense level ... to level 6." (Emphasis added). In other words, a defendant sentenced under § 2K2.1(a)(2) cannot enjoy the benefits of this reduction in offense level, even if the firearms he possessed were in fact solely for lawful sporting purposes. As shown above, McGill's base offense level was properly determined under § 2K2.1(a)(2). Therefore, despite the fact that probation and the government agree that his firearms were possessed solely for lawful sporting purposes, McGill is ineligible for this decrease in offense level.

### II.

Finally, the Assistant United States Attorney noted at the December 4, 2004, sentencing hearing that he believed only *one* of McGill's two DUI convictions should count as a prior conviction for a crime of violence, because the government expressly charged only one prior DUI conviction in the felony information filed on May 20, 2004, in this case. The government referred the court to the language in Application Note 1 of the Commentary to § 4B1.2, which states that offenses are considered "crimes of violence" if "the conduct set forth (*i.e.* expressly charged) in the count of which the defendant was convicted ... presented a serious potential risk of physical injury to another."

■ Upon reviewing the Commentary to § 4B1.2, the court concludes that the phrase "conduct set forth (*i.e.* expressly charged) in the count of which the defendant was convicted" refers to a defendant's previous conviction for the purported "crime of violence," rather than the charges in the present case. Therefore, probation properly considered McGill's two

DUI convictions in calculating his base offense level.

### III.

The court recognizes that its determination that felony DUI is a "crime of violence" pursuant to U.S.S.G. § 4B1.2 has a dramatic impact on McGill's base offense level, and thus his sentencing guideline range. Currently, McGill's total offense level, including upward adjustments for specific offense characteristics and downward adjustments for acceptance of responsibility, is 23, and his imprisonment range is 70–87 months.[6] Were the court to accept his argument that DUI is not a "crime of violence," McGill's base offense level would drop to a 14 under U.S.S.G. § 2K2.1(a)(6). In addition, McGill would be eligible for the "sporting purposes" reduction under § 2K2.1(b)(2), which would decrease his offense level to six. After factoring in an additional two-level reduction for his acceptance of responsibility, McGill's total base offense level would be four, and his guideline range would be 2–8 months.[7] McGill would then fall within Zone B of the Sentencing Table and would therefore be eligible for a sentence of probation that would include a special condition requiring at least two months of intermittent confinement, community confinement or home detention, pursuant to § 5C1.1(c)(3). Thus, the court's determination that felony DUI is a "crime of violence" under the Guidelines means a difference of almost six years in prison for McGill.

Nevertheless, it is also important to note that McGill's present sentencing posture is not due to the mere fact that on one occasion he drove a car while he was drunk, for not all DUIs can be considered "crimes of violence" under § 4B1.2; only DUIs punishable by a sentence of more than one year imprisonment qualify as such. Had McGill been convicted of only one, two, or even three DUI offenses, his prior convictions would not qualify as crimes of violence under § 4B1.2.[8] Rather, McGill is in this sentencing posture because he is a repeat drunk driver. If drunk driving presents a serious risk of injury to another person (which it undoubtedly does), repeatedly driving while drunk (as McGill did here in order to be convicted of a felony DUI) presents an exponentially greater risk.

\* \* \* \* \* \*

6. This base offense level of 23 and resulting imprisonment range is calculated as follows: Pursuant to § 2K2.1(a)(2), McGill's base offense level is 24. Two levels are added pursuant to § 2K2.1(b)(1)(A) because the offense involved three firearms. McGill next receives a two-level reduction in his base offense level pursuant to § 3E1.1(a) because he clearly demonstrated acceptance of responsibility for his offense. Finally, the government has moved for an additional one-level reduction under § 3E1.1(b). McGill is eligible for this reduction because (1) his base offense level is 16 or greater and (2) he timely notified authorities of his intention to enter a plea of guilty. McGill has a criminal history score of seven, which places him in Criminal History Category IV of the Sentencing Table.

7. If McGill's base offense level were six, he would still be eligible for a two-level reduction for acceptance of responsibility pursuant to § 3E1.1(a). However, he would not be eligible for the additional one-level reduction because his base offense level would no longer be level 16 or greater, as required by § 3E1.1(b). See supra note 6. Thus, under this calculation, McGill would receive only a two-level reduction for acceptance of responsibility, as opposed to a three-level reduction.

8. Under 1975 Ala.Code § 32–5A–191(e)–(g), a first, second and third conviction for DUI is a misdemeanor punishable by imprisonment for not more than one year. As noted previously, a fourth or subsequent violation of the DUI statute is a Class C felony punishable by more than one year imprisonment.

In conclusion, every circuit court that has considered this specific issue has interpreted DUI to be a crime of violence under the Sentencing Guidelines. In addition, footnote seven of the Supreme Court's recent decision in *Leocal* expressly distinguishes the Guidelines' definition of "crime of violence" from that used in the immigration context. Based on the above considerations, as well as the court's own analysis of the specific language and phrasing of both § 4B1.2 and 1975 Ala. Code § 32–5A–191(a), the conclusion that McGill's felony DUI convictions are "crimes of violence" as defined by § 4B1.2 of the United States Sentencing Guidelines is, to this court, inescapable.

It is therefore ORDERED that defendant McGill shall be sentenced in accordance with the reasoning set forth in this order.