[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-10285

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 1, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00283 CR-T-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL KIM MCGILL,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

**(June 1, 2006)**

Before DUBINA, MARCUS and COX, Circuit Judges.

DUBINA, Circuit Judge:

Appellant, Russell Kim McGill ("McGill"), appeals his 70-month sentence imposed after pleading guilty to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). In determining the appropriate sentence, the district court applied a base offense level of 24, pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(2), based on its holding that McGill's two Alabama felony driving under the influence ("DUI") convictions constitute "crimes of violence" as defined in U.S.S.G. § 4B1.2(a)(2). McGill argues on appeal that the district court erred in holding that his two Alabama felony DUI convictions constitute "crimes of violence." In this appeal we are asked to decide whether an Alabama felony DUI conviction in violation of Ala. Code § 32-5A-191 (1975) constitutes a "crime of violence" as defined in U.S.S.G. § 4B1.2(a)(2). For the reasons discussed below, we hold that it does and affirm McGill's 70-month sentence.

## I. BACKGROUND

On February 11, 2003, McGill was arrested at his home under suspicion of possession of a controlled substance. After obtaining McGill's consent and a search warrant, law enforcement officers searched his home and found three operable shotguns. McGill was subsequently charged with one count of being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] He

pleaded guilty to this offense and agreed to be sentenced pursuant to the

Guidelines.

The Pre-Sentence Investigation Report ("PSI") assigned a base offense level

of 24, pursuant to U.S.S.G. § 2K2.1(a)(2), finding that McGill's two prior

Alabama felony DUI convictions in violation of Ala. Code § 32-5A-191 (a) and

(h),[2] constitute "crimes of violence." After the base offense level was

appropriately increased and reduced,[3] McGill's total offense level was 23, which,

---

[1]McGill was also charged with and convicted of possession of a controlled substance in the Circuit Court of Coffee County, Alabama, as a result of the February 11, 2003, arrest and subsequent search of his home.

[2]Ala. Code § 32-5A-191 states, in relevant part:
(a) A person shall not drive or be in actual physical control of any vehicle while:
    (1) There is 0.08 percent or more by weight of alcohol in his or her blood;
    (2) Under the influence of alcohol;
    (3) Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving; or
    (4) Under the combined influence of alcohol and a controlled substance to a degree which renders him or her incapable of safely driving;
    (5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving.
. . .

(h) On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished . . . by imprisonment of not less than one year and one day . . . .

[3]Pursuant to U.S.S.G. § 2K2.1(b)(1)(A), the PSI increased the base offense level by two because the offense involved three firearms and, pursuant to U.S.S.G. § 3E1.1, reduced the level by three for McGill's acceptance of responsibility.

combined with a criminal history category of IV, produced an applicable guideline range of 70 to 87 months. McGill objected to the PSI's calculation of his base offense level, arguing that his prior Alabama felony DUI convictions did not constitute "crimes of violence" under § 2K2.1.[4] After consideration of the parties' motions and oral argument, the district court issued a published order finding that McGill's two prior Alabama felony DUI convictions constitute "crimes of violence." *United States v. McGill*, 347 F. Supp. 2d 1210 (M.D. Ala. 2004). Following the PSI's recommendations, the district court sentenced McGill within the applicable guideline range to 70 months imprisonment.

## II. STANDARD OF REVIEW

This court reviews *de novo* a district court's interpretation of the Guidelines and its application of the Guidelines to the facts. *United States v. Gunn*, 369 F.3d 1229, 1237-38 (11th Cir. 2004).

---

[4]If McGill's DUI convictions did not constitute "crimes of violence" his base offense level would have been 14 under § 2K2.1(a)(6), and he would have been eligible for the "sporting purposes" reduction under § 2K1.2(b)(2), which would have decreased his offense level to 6. After the additional two-level reduction for his acceptance of responsibility, his adjusted offense level would have been 4, resulting in an applicable guideline range of 2 to 8 months. McGill then would have fallen within Zone B of the Sentencing Table, making him eligible for a sentence of probation pursuant to § 5C1.1(c)(3).

4

# III. DISCUSSION

Section 2K2.1 of the Guidelines governs McGill's base offense level for violating 18 U.S.C. § 922(g)(1). Subsection (a)(2) of § 2K2.1 provides that a defendant's base offense level is 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of . . . a crime of violence." According to the Commentary to § 2K2.1, the term "'[c]rime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."[5] Section 4B1.2(a), in turn, states that,

> [t]he term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added). Application Note 1 of the Commentary to § 4B1.2(a)(2) similarly provides that "[o]ther offenses are included as 'crimes of violence' if . . . the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another."

---

[5]We treat the Commentary in the Sentencing Guidelines Manual as authoritative. *See United States v. Spell*, 44 F.3d 936, 938 (11th Cir. 1995).

"[U]nder U.S.S.G. § 4B1.2, there are two approaches for classifying an offense as a crime of violence." *United States v. Searcy*, 418 F.3d 1193, 1196 (11th Cir. 2005). The first approach, under subsection (a)(1), requires that the "use, attempted use, or threatened use of physical force against the person of another" is an element of the offense. U.S.S.G. § 4B1.2(a)(1). Under the second approach in subsection (a)(2), the offense must "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

Relying on the second approach under subsection (a)(2) (hereinafter referred to as the "otherwise clause"), the district court held that an Alabama felony DUI conviction in violation of Ala. Code § 32-5A-191 (a) and (h) is a crime of violence. The district court reasoned that the term "crime of violence" as defined in § 4B1.2(a)(2) concerns the potential *risk* and *nature* of the offense, not the result. *McGill*, 347 F. Supp. 2d at 1216. Accordingly, because "[t]he dangers of drunk driving are well-known and well documented," the district court concluded that "Ala. Code § 32-5A-191(a) describes conduct that poses a serious potential risk of physical injury to another, [and thus,] it is not outside the realm of the 'crime of violence' definition in § 4B1.2[(a)(2)]." *Id.* At 1215-17. We agree.

6

In this appeal McGill presents three arguments to support his contention that the district court erred in holding that an Alabama felony DUI conviction is a crime of violence. He argues that: (1) rules of statutory construction provide that the term "crime of violence" encompasses only hostile, aggressive acts which are dissimilar in nature to acts resulting in a DUI offense; (2) the Supreme Court's opinion in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), controls the outcome of the case; and (3) Alabama's DUI statute criminalizes non-violent conduct, including being in physical control of a vehicle while under the influence. We address each of McGill's arguments in turn.[6]

First, McGill argues that § 4B1.2(a)(2)'s definition of "crime of violence" does not encompass a felony DUI conviction because the otherwise clause, upon which the district court relied, follows an enumeration of hostile, aggressive acts which are dissimilar to acts resulting in an Alabama felony DUI conviction. McGill relies on the interpretive canons of *noscitur a sociis* and *ejusdem generis*, which provide that where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in

---

[6]This court has previously held that a DUI is a crime of violence as defined in § 4B1.2(a)(2). *United States v. Rubio*, 317 F.3d 1240 (11th Cir. 2003). We recognize that the Supreme Court's opinion in *Leocal v. Ashcroft*, 543 U.S.1 (2004), undermined this court's rationale in *Rubio*. However, we do not need to determine whether *Leocal* overruled our holding in *Rubio* because we do not need to rely on *Rubio* to affirm this case.

nature to those objects enumerated by the preceding specific words. Accordingly, McGill argues that § 4B1.2(a)(2)'s general definition of "crime of violence" in its otherwise clause as "conduct that presents a serious potential risk of physical injury to another," only encompasses conduct similar in nature to the preceding enumerated crimes: burglary, arson, extortion, and crimes that involve the use of explosives.

We are not persuaded by McGill's argument. Although the otherwise clause in § 4B1.2(a)(2) follows an enumeration of specific crimes, the Commentary's explanation of its definition sets apart the clause in a separate sentence. *See* U.S.S.G. § 4B1.2 cmt. n.1. As the Tenth Circuit recognized in rejecting the same argument,

> this "or otherwise" language is removed [in the Commentary], and the inclusion of offenses with conduct posing a serious potential risk of physical injury is de-linked from any preceding specific sequence of offenses. Instead, the Commentary gives a long list of crimes of violence ranging from murder to kidnapping to extortion and then, in a separate sentence, explains that "[o]ther offenses are included as 'crimes of violence' if . . . the conduct set forth . . . by its nature, presented a serious potential risk of physical injury to another."

*United States v. Moore*, 420 F.3d 1218, 1221-22 (10th Cir. 2005) (quoting U.S.S.G. § 4B1.2 cmt. n.1). McGill's argument was initially adopted by the Eighth Circuit in *United States v. Walker*, 393 F.3d 819 (8th Cir. 2005). However,

8

the Eighth Circuit has since rejected such reasoning en banc in *United States v. McCall*, holding that the otherwise clause "includes *any* crime whose elements involve conduct that necessarily presents a serious potential risk of physical injury to another." 439 F.3d 967, 971 (8th Cir. 2006) (en banc) (emphasis added).[7]

Moreover, this court has broadly interpreted § 4B1.2(a)(2)'s definition to include crimes that do not fit neatly into a category of hostile, aggressive acts. *See United States v. Gilbert*, 138 F.3d 1371 (11th Cir. 1998) (holding that carrying a concealed firearm is a crime of violence because it presents a serious potential risk of causing physical injury to another); *Searcy*, 418 F.3d at 1197 (holding that "the use of an Internet facility to entice a minor to engage in sexual activity" constitutes a crime of violence because it "presents the possibility of an encounter that could result in 'a serious risk of physical injury to [the minor]'"), *cert. denied*, 126 S. Ct. 1107 (2006). Interpreting § 4B1.2(a)(2) to include those crimes that may not necessarily constitute hostile, aggressive acts, but do create a serious potential risk of physical injury is consistent with the plain language of § 4B1.2(a)(2).

---

[7]Although the Eighth Circuit in *McCall* interpreted 18 U.S.C. § 924(e)(2)(B)(ii), its reasoning is applicable to this case because the definition of "violent felony" under § 924(e)(2)(B)(ii) contains an otherwise clause that is identical to the clause contained in U.S.S.G. § 4B1.2(a)(2) defining "crime of violence."

9

Second, McGill argues that the Supreme Court's opinion in *Leocal v. Ashcroft*, in which the Court held that a DUI conviction is not a crime of violence under 18 U.S.C. § 16(b), controls the outcome of this case. 543 U.S. 1 (2004). In *Leocal*, the Court relied on the specific language of § 16(b), defining a crime of violence as one that "involves a substantial risk that physical force . . . may be used in the course of committing the offense," to reach its conclusion. 18 U.S.C. § 16(b). The Court emphasized § 16(b)'s requirement that "physical force . . . may be used in the course of committing the offense," holding that "[t]he reckless disregard in § 16 relates *not* to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime." *Leocal*, 543 U.S. at 10. The Court explicitly distinguished § 4B1.2(a)(2)'s definition of "crime of violence" from that of § 16(b)'s in footnote seven of its opinion:

> Compare § 16(b) (requiring a "substantial risk that physical force against the person or property may be used"), with [U.S.S.G.] § 4B1.2(a)(2) (Nov. 2003) (in the context of a career-offender sentencing enhancement, defining "crime of violence" as meaning, *inter alia*, "conduct that presents a serious potential risk of physical injury to another"). The risk that an accident may occur when an individual drives while intoxicated is simply not the same thing as the risk that the individual may "use" physical force against another in committing the DUI offense.

*Id.* at 10 n.7.

The district court held that *Leocal* does not control the outcome of this case, finding that the Court "all but states that [it]'s holding in *Leocal* in no way implicates the § 4B1.2 definition of 'crime of violence.'" *McGill*, 347 F. Supp. 2d at 1214. The district court held that "the linguistic distinction between 'a substantial *risk* that physical *force* against the person or property of another may be *used*,' as provided in 18 U.S.C.A. § 16(b) (emphasis added), and 'conduct that *presents* a serious potential *risk* of physical *injury* to another,' as stated in U.S.S.G. § 4B1.2 (emphasis added)," sufficiently distinguishes the holding in *Leocal* from the present case. *Id.* The district court's holding is in accord with the decisions of our sister circuits. *See United States v. McCall*, 439 F.3d 967, 971-72 (8th Cir. 2006) (en banc); *Aguiar v. Gonzales*, 438 F.3d 86, 88 (1st Cir. 2006); *United States v. Sperberg*, 432 F.3d 706, 708-09 (7th Cir. 2005); *United States v. Moore*, 420 F.3d 1218, 1223 (10th Cir. 2005). Accordingly, we reject McGill's argument and hold that the Supreme Court's opinion in *Leocal* does not extend to § 4B1.2(a)(2).

As the Supreme Court in *Leocal* demonstrated, the specific language of § 4B1.2(a)(2) controls whether an Alabama felony DUI conviction is a crime of violence. Because the specific language of § 4B1.2(a)(2) concerns the potential *risk* of physical injury rather than the actual *use* of force against another, we hold

11

that an Alabama felony DUI conviction is a crime of violence under § 4B1.2(a)(2).

As the Seventh Circuit has recognized, "[d]runk driving is a reckless act, perhaps

an act of gross recklessness" because it "vastly increases the probability that the

driver will injure someone in an accident." *United States v. Rutherford*, 54 F.3d

370, 376 (7th Cir. 1995). As we noted above, "[t]he dangers of drunk driving are

well-known and well documented. Unlike other acts that may present some risk of

physical injury, . . . the risk of injury from drunk driving is neither conjectural nor

speculative." *Id.*

Furthermore, because an offense must be punishable for a term exceeding

one year to constitute a crime of violence under § 4B1.2(a), only felony

convictions resulting from repeat DUI offenses under Alabama's statute are

subject to qualifying as crimes of violence.[8] McGill has been convicted in the

State of Alabama for driving under the influence five times, but only the last two

convictions, which resulted in felony charges, are at issue in this case.

Accordingly, even though each DUI offense presents a substantial risk of potential

physical injury, only repeat offenders such as McGill are subject to receiving an

---

[8]A DUI offense is not a felony under Alabama's DUI statute until the fourth or subsequent offense. *See* Ala. Code § 32-5A-191(h) (1975) (providing that "[o]n a fourth or subsequent conviction, a person convicted of violating this [DUI] section shall be guilty of a Class C felony . . . and punished . . . by imprisonment of not less than one year and one day . . .").

12

increased sentence under § 2K1.2(a)(2) as a result of their DUI convictions.  We join the unanimous view of our sister circuits in holding that driving while under the influence "presents a serious potential risk of physical injury to another," and thus constitutes a crime of violence under § 4B1.2(a)(2).  *See McCall*, 439 F.3d 967 (8th Cir. 2006) (en banc);  *United States v. Moore*, 420 F.3d 1218, 1221 (10th Cir. 2005);  *United States v. DeSantiago-Gonzalez*, 207 F.3d 261, 264 (5th Cir. 2000);  *United States v. Rutherford*, 54 F.3d 370, 366-367 (7th Cir. 1995);  *see also United States v. Parson*, 955 F.2d 858, 874 (3d Cir. 1992) (recognizing in dicta that "crimes such as drunk driving . . . present a serious risk of physical harm to a victim and therefore qualify as predicate 'crimes of violence' for purposes of the career offender Guideline").

McGill's final argument is that a felony Alabama DUI conviction is not a crime of violence because Alabama's DUI statute criminalizes not only driving under the influence, but also being in physical control of the car while under the influence.  *See* Ala. Code § 32-5A-191(a) (providing that "[a] person shall not drive or be in physical control of any vehicle" while under the influence).

As discussed above, when determining whether a felony DUI conviction under Alabama law is a crime of violence as defined in § 4B1.2(a)(2), we need only look at whether such conduct presents a *substantial risk* of physical injury to

13

another. The Alabama Supreme Court has defined "actual physical control" under Ala. Code § 32-5A-191(a) as "exclusive physical power, and *present ability*, to operate, move, park, or direct whatever use or non-use is to be made of the motor vehicle at the moment." *Cagle v. City of Gadsden*, 495 So. 2d 1144, 1145 (Ala. 1986) (emphasis added). The district court held that, applying Alabama's definition of "actual physical control," an individual under the influence presents a serious potential risk of physical injury to another while in physical control of a vehicle regardless of whether the individual actually operates the vehicle. *McGill*, 347 F. Supp. 2d at 1216. We agree with the district court and decline to follow the Tenth and Eighth Circuits in creating a distinction between the risks associated with driving while under the influence and those risks associated with being in physical control of a vehicle while under the influence. *See Moore*, 420 F.3d at 1224 (holding that criminalizing nonviolent conduct such as sleeping off a hangover in a car, "simply would not pose the same 'substantial risk of injury' that driving under the influence of alcohol does'"); *McCall*, 439 F.3d at 973 (holding that "non-driving conduct . . . does not necessarily present a serious risk of physical injury to others").

14

## IV.  CONCLUSION

For the foregoing reasons, we affirm McGill's 70-month sentence.

**AFFIRMED.**