[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16079
Non-Argument Calendar

_____

D. C. Docket No. 96-00075-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO VENTA, a.k.a. Chino,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 29, 2008)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Gustavo Venta appeals the 60-months' prison sentence the district court

imposed on revoking his term of supervised release after he was convicted of a new offense, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and sentenced to a prison term of 188 months. Venta presents two arguments. First, he argues that the district court abused its discretion in finding that the § 922(g) offense for which he was convicted constituted a Grade A violation, rather than a Grade B violation, because the offense did not involve controlled substances, a firearm of the type described in 26 U.S.C. § 5846(a), and was not a crime of violence as defined in U.S.S.G. § 4B1.2(a). Second, he argues that the district court abused its discretion by imposing a grossly excessive and unreasonable sentence given the facts and circumstances of this case, and by failing to consider the 18 U.S.C. § 3553(a) sentencing factors.

We review de novo the legality of a sentence imposed pursuant to revocation of a term of supervised release. United States v. Pla, 345 F.3d 1312, 1313 (11th Cir. 2003). The advisory guideline sentence range for a sentence to be imposed on the revocation of supervised release is determined by the grade classification of the violation for which supervised release was revoked, as determined by U.S.S.G. § 7B1.1(a)(1)-(3), and the criminal history category that was "applicable at the time the defendant originally was sentenced to a term of supervision." U.S.S.G. § 7B1.4(a).

2

Section 7B1.1(a) provides for three grades of supervised release violations.
A Grade A violation is conduct that constitutes:

> (A) a federal, state, or local offense punishable by a term of
> imprisonment exceeding one year that (I) is a crime of violence, (ii) is
> a controlled substance offense, or (iii) involves possession of a
> firearm or destructive device of a type described in 26 U.S.C.
> § 5845(a); or (B) any other federal , state, or local offense punishable
> by a term of imprisonment exceeding twenty years[.]

§ 7B1.1(a)(1).  A Grade B violation is "conduct constituting any other federal,
state, or local offense punishable by a term of imprisonment exceeding one year."
§ 7B1.1(a)(2).  Grade C violations are those federal, state, or local offenses
"punishable by a term of imprisonment of one year or less."  § 7B1.1(3).

The commentary to § 7B1.1 provides that the definition of a "crime of
violence" is found in § 4B1.2.  See § 7B1.1, comment. (n. 2).  Under § 4B1.2, a
"crime of violence" is a federal or state offense punishable by imprisonment for a
term exceeding one year, and that "(1) has as an element the use, attempted use, or
threatened use of physical force against the person of another, or (2) is burglary of
a dwelling, arson, or extortion, involves use of explosives, or otherwise involves
conduct that presents a serious potential risk of physical injury to another."
U.S.S.G. § 4B1.2(a)(1),(2).  "'Crime of violence' does not include the offense of
unlawful possession of a firearm by a felon, unless the possession was of a firearm
described in 26 U.S.C. § 5845(a)."  § 4B1.2, comment. (n.1).

3

"Although possession of a firearm by a felon, like drunk driving, may in some cases involve conduct that creates a heightened risk of injury or violence, it cannot be said that the offense of simple possession of a firearm naturally involves a person acting in disregard of the risk that physical force might be used against another in committing an offense." United States v. Johnson, 399 F.3d 1297, 1302 (11th Cir. 2004) (internal quotations omitted) (interpreting "crime of violence" as defined in 18 U.S.C. § 3156(a)(4)(B), which definition is identical to that provided in § 4B1.2(a)(1),(2)). "Thus, felon in possession of a firearm under § 922(g)(1) is simply not the sort of violent, active crime that may be properly characterized, categorically, as a 'crime of violence.'" Id. In United States v. McGill, 450 F.3d 1276, 1280 (11th Cir. 2006), we noted that the definition of conduct that presents a serious potential risk of physical injury to another is broadly interpreted "to include crimes that do not fit neatly into a category of hostile, aggressive acts." We also noted that "the specific language of § 4B1.2(a)(2) concerns the potential risk of physical injury rather than the actual use of force against another. . ." Id. at 1281 (emphasis in original).

A firearm or destructive device of a type described in 26 U.S.C. § 5845(a), for Grade A violation and "crime of violence" purposes, includes a shotgun or a weapon made from a shotgun; a rifle or a weapon made from a rifle; or "a machine

4

gun; a muffler or silencer for a firearm; a destructive device; and certain large bore weapons." U.S.S.G. § 7B1.1, comment. (n.4).

The district court applied the wrong grade classification to Venta's violation because his felon-in-possession conviction was not a crime of violence and did not involve a controlled substance or a firearm or destructive device as enumerated in 26 U.S.C. § 5845(a). The court accordingly erred by arriving at and considering the wrong advisory guideline range under Chapter 7 of the Guidelines. Having reached this conclusion, we turn to Venta's second argument.

We review a final sentence for substantive reasonableness only if there were no procedural errors in its imposition. See Gall v. United States, 552 U.S. at ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). An improperly calculated guideline range is considered a procedural error. Id. However, where the district court states that it would impose the same sentence irrespective of any sentencing calculation errors or enhancements, we may review the reasonableness of the sentence while assuming that the court erred in its guideline calculation. United States v. Keene, 470 F.3d 1347, 1349-50 (11th Cir. 2006); United States v. Dean, 517 F.3d 1224, 1232 (11th Cir. 2008).

Because the district court applied the wrong grade classification to Venta's violation and thus procedurally erred by incorrectly calculating Venta's sentence

range under Chapter 7, and the court did not state that it would have imposed the same sentence via a variance, we will not consider the substantive reasonableness of Venta's sentence.

For the foregoing reasons, Venta's sentence is vacated and the case is remanded for resentencing.

SO ORDERED.