[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14694
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-08007-KOB-TMP

REGINALD DEWAYNE HUTCHERSON,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 26, 2011)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Reginald D. Hutcherson pro se appeals the denial of his 28 U.S.C. § 2255

motion to vacate his sentence.  Specifically, he argues that his attorney rendered

ineffective assistance at sentencing by failing to object to the recommendation in the presence investigation report that Hutcherson's prior conviction for "Discharging a Gun Into an Unoccupied Building," Ala. Code § 13A-11-61, was a "crime of violence."

## I.

In 2006 Hutcherson pleaded guilty to two counts of distributing a substance containing cocaine hydrochloride. The PSR recommended that he receive a career offender enhancement because he had prior convictions for "Discharging a Gun Into an Unoccupied Building" and "Assault, 1st Degree," which resulted in a guidelines range of 151 to 188 months imprisonment. Even with that enhancement the district court said that the guidelines calculation "under-represented" Hutcherson's criminal history. The court sentenced him to 188 months imprisonment. Hutcherson appealed his conviction and sentence, which we affirmed.

In 2008 Hutcherson filed a 28 U.S.C. § 2255 motion to vacate his sentence, which the district court denied. The court did, however, grant a certificate of appealability on the following question:

> For purposes of career offender sentencing under the United States Sentencing Guidelines, is the Alabama Class C felony of firing a gun into an unoccupied building or vehicle a "crime of violence," such that

counsel's failure to object to movant's career offender sentencing based in part on such a felony conviction was not ineffective assistance of counsel?

## II.

"When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law de novo." Rhode v. United States, 583 F.3d 1289, 1290 (11th Cir. 2009). An ineffective assistance of counsel claim is a mixed question of law and fact that is subject to de novo review. Caderno v. United States, 256 F.3d 1213, 1216–17 (11th Cir. 2001). In order to succeed on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984). The defendant must overcome a strong presumption that "counsel's performance was reasonable and adequate." Caderno, 256 F.3d at 1217.

To establish deficient performance, a defendant must show that counsel was acting "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. "[W]e must indulge a strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Rhode v. Hall, 582 F.3d 1273, 1280 (11th Cir. 2009). "Thus, the petitioner must establish

that no competent counsel would have taken the action that his counsel did take."
Id.

Hutcherson asserts that his prior conviction for discharging a gun into an unoccupied building does not constitute a "crime of violence" for the purposes of career-offender sentencing. Because his attorney failed to object to the classification of the prior conviction as a "crime of violence," he argues that he received ineffective assistance of counsel.

We have never held that a prior conviction for discharging a firearm into an unoccupied building is not a "crime of violence" for purposes of career-offender sentencing. In United States v. McGill, 450 F.3d 1276, 1280 (11th Cir. 2006), we stated that even when a crime concerns only the "potential risk of physical injury rather than the actual use of force against another," it is still a "crime of violence." Id. at 1281. And the Supreme Court has explained that it typically treats crimes involving "purposeful, violent, and aggressive conduct" as crimes of violence. Begay v. United States, 553 U.S. 137, 144–45, 128 S.Ct. 1581, 1586 (2008) (quotations omitted) (citing Leocal v. Ashcroft, 543 U.S. 1, 9, 125 S.Ct. 377, 382 (2004); Taylor v. United States, 495 U.S. 575, 598, 110 S.Ct. 2143, 2158 (1990)). Accordingly, it was reasonable for Hutcherson's attorney to believe that firing a

firearm into a building, even if it proved to be an unoccupied building, is purposeful, violent, and aggressive conduct that has a potential risk of serious injury. Because it was reasonable for the attorney to believe that the prior conviction was a crime of violence, his failure to object to its being treated as such did not fall outside the wide range of professionally competent counsel.

**AFFIRMED.**