[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-11078
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 17, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00196-CR-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE RABB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

**(September 17, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jamie Larell Rabb appeals the 151-month sentence he received following his guilty plea to knowingly and intentionally possessing with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1).  On appeal, Rabb argues that the district court incorrectly classified his 1995 conviction for discharging a firearm into a dwelling as a crime of violence, for the purposes of the career offender provision of U.S.S.G. § 4B1.1.  Rabb bases this argument on the statute defining his offense, § 13A-11-61(a) of the Alabama Code, and its distinction between discharges in occupied dwellings and discharges in unoccupied dwellings, for sentencing purposes.  We review the preliminary determination that a prior conviction qualifies as a "crime of violence" de novo.  United States v. Ortiz-Delgado, 451 F.3d 752, 754 (11th Cir. 2006).  After careful review, we affirm.

A defendant is classified as a career offender if the defendant was at least 18 years of age at the time of the commission of the instant offense, the instant offense was a crime of violence or a controlled substance offense, and the defendant has at least two prior convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a).  Section 4B1.2, in turn, defines the term "crime of violence" as including, inter alia, "any offense punishable by a term of imprisonment exceeding one year that . . . is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a).

2

In United States v. McGill, 450 F.3d 1276, 1280 (11th Cir. 2006), we observed that the definition of conduct that presents "a serious potential risk of physical injury to another," within the meaning of § 4B1.2(a)(2), is broadly interpreted "to include crimes that do not fit neatly into a category of hostile, aggressive acts." We noted that "the specific language of § 4B1.2(a)(2) concerns the potential risk of physical injury rather than the actual use of force against another. . ." Id. at 1281. In determining whether a felony is a crime of violence, for purposes of § 4B1.2(a)(2), we need consider only whether the conduct proscribed creates a substantial risk of physical injury to another. Id. at 1282. We need not find a high probability of harm to another person, but rather a mere possibility that harm to another person could occur is enough under the Guideline. United States v. Searcy, 418 F.3d 1193, 1197 (11th Cir. 2005), cert. denied, 126 S.Ct. 1107 (2006).

The Alabama statute under which Rabb was convicted provides that "[n]o person shall shoot or discharge a firearm, explosive or other weapon which discharges a dangerous projectile into any occupied or unoccupied dwelling or building or railroad locomotive or railroad car, aircraft, automobile, truck or watercraft in this state." Ala. Code § 13A-11-61(a) (emphasis added). The statute makes no distinction between occupied and unoccupied dwellings, for purposes of

defining the crime. Although the statute goes on to make the discharge into an occupied dwelling a Class B felony, while the same act into an unoccupied dwelling is a Class C felony, the distinction is made for sentencing purposes only. See Ala. Code § 13A-11-61. Thus, a defendant commits the offense proscribed by § 13A-11-61, whether the dwelling is occupied or not, and the proscribed offense is a crime of violence, within the meaning of U.S.C. § 4B1.2(a)(2), because there is a potential risk of physical injury, which is the only showing our caselaw requires. We are unpersuaded by any of Rabb's other arguments. Accordingly, we affirm.

**AFFIRMED.**