[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14024
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00072-CR-2-RDP-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK CORLION PEARSON,
a.k.a. Bullet,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 22, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Roderick Corlion Pearson appeals from his 564-month sentence imposed for convictions for armed bank robbery, 18 U.S.C. § 2113(a) and (d) (Count 1); brandishing a firearm during and in relation to a crime of violence, 18 U.S.C.

§ 924(c)(1)(A)(ii) (Count 2); armed bank robbery, 18 U.S.C. § 2113(a) and (d) (Count 3); brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(C)(i) (Count 4); and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Count 5). Pearson pled guilty to Counts 3, 4 and 5 relating to a bank robbery committed on January 25, 2007, and a jury convicted him of Counts 1 and 2 relating to a bank robbery committed on January 12, 2007. On appeal, Pearson challenges: (1) the district court's denial of his motion in limine and objections at his trial, pursuant to Fed. R. Evid. 404(b), to the introduction of extrinsic evidence of the January 25, 2007 robbery; and (2) his sentence on the grounds that his prior conviction should not have been considered a crime of violence for purposes of U.S.S.G. § 4B1.2(a), and that his sentence was unreasonable under 18 U.S.C. § 3553(a). After careful review, we affirm.

We review the district court's admission of prior crimes or bad acts under Fed. R. Evid. 404(b) for abuse of discretion. United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008). In applying the standard, we will reverse only if an erroneous ruling resulted in "substantial prejudice" and will affirm "unless the district court has made a clear error of judgment or has applied an incorrect legal standard." Conroy v. Abraham Chevrolet-Tampa, Inc., 375 F.3d 1228, 1232 (11th Cir. 2004) (quotations omitted). We review the district court's interpretation and

2

application of the sentencing guidelines de novo. United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir. 2006). The decision to classify a defendant as a career offender is a question of law also reviewed de novo. Id. Furthermore, we review a sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

First, we reject Pearson's claim that the district court abused its discretion under Fed. R. Evid. 404(b) by admitting evidence of an extrinsic bank robbery committed by Pearson on January 25, 2007. Generally, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Thus, "[e]vidence of extrinsic offenses is inadmissible to prove that the accused has the propensity to commit the crime charged." United States v. Veltmann, 6 F.3d 1483, 1498 (11th Cir. 1993). Extrinsic evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

To be admissible under Rule 404(b), "(1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that the factfinder could find that the defendant committed the extrinsic act; and

3

(3) the evidence must possess probative value that is not substantially outweighed by undue prejudice." United States v. Perez, 443 F.3d 772, 779 (11th Cir. 2006). Unfair prejudice, however, can be mitigated by limiting instructions from the court. United States v. Diaz-Lizaraza, 981 F.2d 1216, 1225 (11th Cir. 1993).

Pearson focuses exclusively on the third prong of Perez test, asserting in his brief that "it seems as if the only issue for this Court to determine is whether the probative value of the 404(b) evidence to prove 'identity' substantially outweighs the risk of 'unfair prejudice' to the Defendant." When evidence is introduced to prove identity, its probity "depends upon both the uniqueness of the modus operandi and the degree of similarity between the charged crime and the uncharged crime." United States v. Myers, 550 F.2d 1036, 1044-45 (5th Cir. 1977).[1] While "it is not necessary that the charged crime and the other crimes be identical in every detail[,] they must possess a common feature or features that make it very likely that the unknown perpetrator of the charged crime and the known perpetrator of the uncharged crime are the same person." Id. at 1045. See also United States v. Lail, 846 F.2d 1299, 1301 (11th Cir. 1988) ("the likeness of the offenses is the crucial consideration. The physical similarity must be such that it marks the offenses as the handiwork of the accused.") (quotation omitted).

_____

[1] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent decisions of the former Fifth Circuit issued before October 1, 1981.

4

The record here shows that the physical similarities between the January 12 and January 25 bank robberies were sufficiently similar to mark them as the "handiwork" of the same individual and, thus, demonstrate a modus operandi. Lail, 846 at 1301. Not only did both robberies involve a lone perpetrator wearing a coat and hat to rob a bank with a black handgun who told the bank's occupants to "get down" and placed the money in a black zippered backpack, but also, in both robberies, the robber wore a camouflage bandana over his face and light-colored gloves, jumped over the tellers' counters, and escaped in a vehicle without a license plate -- which in total, amounts to a sufficiently unique modus operandi. Furthermore, Pearson presented no evidence of dissimilarities between the two robberies. Thus, the evidence of the January 25 robbery was sufficiently probative of the identity of the perpetrator of the January 12 robbery.

Moreover, the probative value of this evidence was not substantially outweighed by undue prejudice. Due to conflicting testimony, the identity of the January 12 perpetrator remained at issue throughout the trial, and the modus operandi of the January 25 robber remained relevant to the identity of the January 12 robber. Furthermore, the district court read limiting instructions to the jury at two points during trial -- before the January 25 witnesses testified and at the close of all the evidence -- which greatly diminished the risk of undue prejudice.

Diaz-Lizaraza, 981 F.2d at 1225. Therefore, the district court did not abuse its discretion when it admitted the extrinsic evidence of the January 25 robbery.

Next, we find no merit to Pearson's claim that the district court erred in imposing the career-offender sentencing enhancement based in part on his prior conviction for discharging a firearm into an unoccupied vehicle. Under the Sentencing Guidelines, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). U.S.S.G. § 4B1.2(a) defines a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

To determine if a crime is a "crime of violence," a court should "look only to the elements of the convicted offense, and not to the conduct underlying the conviction." United States v. Young, 527 F.3d 1274, 1277 (11th Cir. 2008)

6

(quotation omitted). We have "broadly interpreted § 4B1.2(a)(2)'s definition to include crimes that do not fit neatly into a category of hostile, aggressive acts[]" but do involve "a serious potential risk of physical injury . . . . " United States v. McGill, 450 F.3d 1276, 1280 (11th Cir. 2006) (collecting cases). The burden of proof for establishing that a sentence enhancement is warranted lies with the prosecution, and the district court must insure that the prosecution carries its burden of proof. Young, 527 F.3d at 1277.

Pearson was previously convicted of violating Ala. Code § 13A-11-61(a), which provides that "[n]o person shall shoot or discharge a firearm, explosive or other weapon which discharges a dangerous projectile into any occupied or unoccupied dwelling or building or railroad locomotive or railroad car, aircraft, automobile, truck or watercraft in this state." Ala. Code § 13A-11-61(a). A person who violates this section with regard to an unoccupied vehicle commits a Class C felony, as opposed to a Class B felony with regard to an occupied vehicle. Ala. Code § 13A-11-61(b) and (c). We have held in an unpublished opinion that a conviction for a violation of Ala. Code § 13A-11-61(a) was a crime of violence within the meaning of U.S.S.G. § 4B1.2(a)(2), because discharging a firearm into a dwelling -- occupied or unoccupied -- involved a potential risk of physical injury. United States v. Rabb, 248 F. App'x 133, 134 (11th Cir. 2007) (unpublished). In

7

light of the analysis in Rabb and our broad interpretation of U.S.S.G. § 4B1.2(a)(2), the district court did not err in determining that Pearson's conviction for discharging a firearm into an unoccupied vehicle was a crime of violence and, thus, correctly adjusted Pearson's offense level pursuant to U.S.S.G. § 4B1.1.

Finally, we are unpersuaded by Pearson's argument that his sentence was substantively unreasonable. In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[2] If we conclude that the district court did not procedurally err, we must consider the "'substantive

_____

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a). According to the statute, the district court shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of the § 3553(a) factors. Id.

reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597).

We recognize that "there is a range of reasonable sentences from which the district court may choose." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). In addition, the district court should acknowledge that it has considered the § 3553(a) factors, but it need not explicitly discuss each of them. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (quotations omitted).

In determining Pearson's sentence, the district court discussed several of the 18 U.S.C. § 3553(a) factors, including the need to provide restitution to the victims, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for just punishment for the offense, and the sentencing guidelines. The court imposed a sentence below the sentencing guidelines range, acknowledging that an in-range sentence "would not achieve the statutory purposes of sentencing and . . . would essentially be too great a punishment in this case." Because the district court sentenced Pearson below the guidelines range and considered the § 3553(a) factors in detail, Pearson cannot satisfy his burden of

establishing that his sentence was unreasonable.[3]  In addition, the sentence was not greater than necessary, as the district court took into account the seriousness of the offense and the need to provide for just punishment, both of which are proper considerations under § 3553(a)(2).

**AFFIRMED.**

---

[3] See <u>Rita</u>, 127 S.Ct. at 2462 (holding that a court of appeals may afford a presumption of reasonableness to a within-Guidelines sentence); <u>United States v. Campbell</u>, 491 F.3d 1306, 1314 n. 8 (11th Cir.2007) (noting that, although we have not normally afforded a within-Guidelines sentence a presumption of reasonableness, the <u>Rita</u> decision calls that policy into question).