**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1488
_____

RODERICK CORLION PEARSON,
                                        Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(D.C. No. 3-14-cv-01975)
District Judge:  Hon. William J. Nealon, Jr.

_____

Submitted under Third Circuit L.A.R. 34.1(a)
April 7, 2017

Before:  CHAGARES, SCIRICA, and FISHER Circuit Judges.

(Filed: April 12, 2017)
_____

OPINION*
_____

CHAGARES, Circuit Judge.

_____

        * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Roderick Pearson ("Pearson") appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm.

I.

Because we write exclusively for the parties, we set forth only those facts necessary to our disposition. On May 7, 2007, in the United States District Court for the Northern District of Alabama, Pearson pled guilty to bank robbery, in violation of 18 U.S.C. § 2113, and to two firearm counts, one brought under 18 U.S.C. § 922(g)(1) and the other brought under 18 U.S.C. § 924(c)(1). He proceeded to trial on another bank robbery charge, brought under 18 U.S.C. § 2113, and an additional firearms charge, brought under § 924(c)(1). A jury convicted him on both counts.

The District Court sentenced Pearson to a total of 564 months of imprisonment on the five counts. Relevant here, Pearson was sentenced to concurrent terms of 180 months of imprisonment on the two § 2113 charges and § 922(g)(1) charge. The latter charge carried a 180-month mandatory term of imprisonment because Pearson's sentence was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), because Pearson had three prior violent felony convictions. In calculating the appropriate range under the advisory Guidelines, the District Court concluded that Pearson was a career offender because he had been convicted of two prior "crimes of violence." His guideline range for the three counts was 262 to 327 months, and the District Court departed downward. Pearson directly appealed, and the United States Court of Appeals for the

2

Eleventh Circuit affirmed his conviction and sentence. United States v. Pearson, 308 F. App'x 375 (11th Cir. 2009) (per curiam).

In 2009, Pearson filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Alabama challenging, among other things, his sentence for violating § 922(g). In 2011, the District Court denied the motion on the merits. Pearson's appeal was dismissed for failure to pay the filing fee. See Pearson v. United States, N.D. Ala. Civ. No. 09-cv-08041.[1]

In 2014, Pearson filed the instant § 2241 habeas petition in the United States District Court for the Middle District of Pennsylvania. Pearson again challenged his sentence for violating § 922(g), this time on the ground that his sentence was improperly enhanced under § 924(e) based on convictions for conspiracy to commit robbery. Pearson attached to his petition a letter from the Probation Office dated May 14, 2014, stating that his sentence was enhanced based on his prior convictions for attempted robbery and two counts of conspiracy to commit robbery, and that these convictions are violent felonies under the ACCA.

Pearson argued that his claim is cognizable under § 2241 because when he filed his § 2255 motion, conspiracy to commit robbery was deemed a violent felony under the law of the Eleventh Circuit and his claim was foreclosed. He asserted that, after the United States Supreme Court decided Begay v. United States, 553 U.S. 137 (2008), and determined that a violent felony under the ACCA requires purposeful, violent, and

_____

[1] In 2013, Pearson filed in the United States District Court for the Western District of Louisiana a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court dismissed his petition.

3

aggressive conduct, the Eleventh Circuit Court of Appeals held that conspiracy to commit robbery is not a violent felony. See United States v. Whitson, 597 F.3d 1218, 1223 (11th Cir. 2010) (addressing similar definition of crime of violence in career offender guidelines). Citing Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013), Pearson also argued that the Court of Appeals for the Eleventh Circuit has decided that Begay applies retroactively to cases on collateral review.

The District Court ruled that Pearson's claim could not be brought under § 2241 and dismissed his petition for lack of jurisdiction. The District Court explained that § 2255 is the proper means for a federal prisoner to challenge his sentence, and that § 2255's safety valve, which allows a prisoner to pursue a claim under § 2241 where the remedy under § 2255 is "inadequate or ineffective," did not apply. This appeal timely followed. We appointed pro bono counsel to represent Pearson.[2]

## II.[3]

As correctly recognized by the District Court, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences . . . ." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A habeas petition raising such a challenge under § 2241 may not be entertained unless a § 2255 motion would be "inadequate or ineffective" to test the legality of the petitioner's detention. 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. We have held that a

---

[2] We thank counsel for agreeing to take this case pro bono and commend them for their excellent briefing.

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam).

§ 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.

In this case, nothing prevented Pearson from raising his claim in his § 2255 proceedings. As noted by the District Court, Pearson filed his § 2255 motion on November 23, 2009, after Begay was decided on April 16, 2008. Similarly, Whitson, also relied upon by Pearson, was decided on February 24, 2010, well before the District Court denied his § 2255 motion on August 30, 2011. Although the question of Begay's retroactivity was decided by the Court of Appeals for the Eleventh Circuit thereafter, this issue could have been litigated in his case had he raised his claim. We agree with the District Court that Pearson may not bring his claim under § 2241.

III.

Pearson also asserts that his case is impacted by Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Calabretta, 831 F.3d 128 (3d Cir. 2016), both decided after he filed his notice of appeal. Johnson held that enhancing a sentence under the residual clause of the ACCA violates due process. 135 S. Ct. at 2563. In Calabretta, we extended Johnson to the context of the United States Sentencing Guidelines, holding that the residual clause in U.S.S.G. § 4B1.2(a) was also unconstitutionally vague. Calabretta, 831 F.3d at 132–34. First, we note that Johnson and Calabretta have no bearing on the question before us—whether Pearson's claim under Begay is cognizable under § 2241. Second, § 2241 is not available for an intervening change in the

5

sentencing laws.  See Okereke, 307 F.3d at 120–21.  Third, in light of the Supreme Court's recent decision in Beckles v. United States, holding that, unlike the ACCA, the "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness," No. 15-8544, 2017 WL 855781, at *9 (U.S. Mar. 6, 2017), Pearson's substantive argument has no merit.

IV.

For the reasons set forth above, we will affirm the order of the District Court entered on February 10, 2015.