[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 7, 2003
THOMAS K. KAHN
CLERK

No. 01-16451

D.C. Docket No. 00-00196-CR-T-27

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSVALDO RUBIO,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(January 7, 2003)**

Before TJOFLAT and BLACK, Circuit Judges, and NANGLE[*], District Judge.

NANGLE, District Judge:

---

[*] Honorable John F. Nangle, United States District Court Judge for the Eastern District of Missouri, sitting by designation.

Defendant Rubio challenges his convictions and 327-month sentences for conspiracy to possess with intent to distribute, and possession with intent to distribute, approximately 1000 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Specifically, he claims that the district court erred by: (1) finding that driving under the influence causing serious bodily harm is a crime of violence; (2) refusing to grant an adjustment for acceptance of responsibility; and (3) enhancing Rubio's offense level for obstruction of justice.[1] We affirm.

The relevant background of this case is as follows. In January 2000, Bureau of Alcohol, Tobacco and Firearms agent Richard Zayas ("Agent Zayas") learned that Edgardo Fernandez ("Fernandez"), a convicted felon, was in the business of selling firearms and narcotics. Working undercover, Agent Zayas acquainted himself with Fernandez and purchased two firearms from him. In April 2000, Agent Zayas told

---

[1] Rubio also contends that the district court erred by: (1) refusing to assess a mitigating role reduction; (2) failing to grant a judgment of acquittal based on an alleged insufficiency of the evidence presented at trial to support his conviction for possession of cocaine; and (3) committing plain error based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.435 (2000), because the indictment did not include his prior convictions that qualified him as a career offender. After a thorough review of the record and full consideration of Rubio's arguments, we affirm the first two issues without discussion. See 11th Cir. R. 36-1. We affirm the third issue based on Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which, as Rubio concedes, remains good law after Apprendi. See United States v. Thomas, 242 F.3d 1028, 1034-35 (11th Cir.), cert. denied, 533 U.S. 960, 121 S.Ct. 2616, 150 L.Ed.2d 770 (2001).

Fernandez that he had obtained multiple kilograms of cocaine. Fernandez arranged to sell some of the cocaine to a friend of Rubio's. When Fernandez took possession of the first kilogram of cocaine, however, he was arrested and agreed to cooperate with the government.

The government set up video and audio surveillance equipment in Fernandez's residence. Fernandez then called Rubio and asked whether Rubio was coming over with his friend and the money. Rubio and his friend came over to Fernandez's residence, but without the money. Rubio's friend tested the cocaine extensively, and Rubio tested it once. Rubio and his friend then left to get the money to buy the cocaine. Rubio returned to Fernandez's residence alone and handed Fernandez a bag containing approximately $22,000 in cash. Rubio picked up the cocaine, and law enforcement officers entered the room. Seeing the officers, Rubio put the cocaine back down on the table.

Rubio was charged in a June 13, 2000, indictment with: (1) conspiracy to possess with intent to distribute cocaine in the amount of 1,000 or more grams; and (2) possession with intent to distribute cocaine. On January 29, 2001, he agreed to enter a guilty plea, which was accepted on February 16, 2001. Rubio accepted responsibility for his actions in conjunction with his guilty plea. Subsequently, however, Rubio learned that his 1994 conviction for driving under the influence

potentially could subject him to career offender status under the Sentencing Guidelines. On May 7, 2001, Rubio therefore moved to withdraw his guilty plea.

On May 17, 2001, the Court granted Rubio's motion to withdraw the guilty plea. Rubio did not accept responsibility for his actions at any time thereafter. On July 13, 2001, after a jury trial in which Fernandez testified, Rubio was found guilty of both charges. After trial but before sentencing, Rubio approached Fernandez at the local jail yard and pinched him. Rubio said nothing to Fernandez during this incident.

The court sentenced Rubio to 327 months on each count, to run concurrently, followed by four years of supervised release. For the purposes of sentencing, the court: (1) treated Rubio as a career offender based on his prior conviction for driving under the influence; (2) enhanced Rubio's sentence for obstruction of justice; and (3) refused to reduce Rubio's sentence for acceptance of responsibility. Rubio then appealed.

First, Rubio claims that the district court erred by ruling that his conviction for driving under the influence ("DUI") causing serious bodily injury is a crime of violence for the purpose of the career offender provisions of the sentencing guidelines. We review a district court's interpretation of the sentencing guidelines de novo. United States v. Spell, 44 F.3d 936, 938 (11th Cir. 1995). Under the sentencing

4

guidelines, a defendant is classified as a career offender if: (1) he was at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he had at least two prior felony convictions of a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1. A "crime of violence" includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. U.S.S.G. § 4B1.2, comment. n.1. Other offenses are considered crimes of violence if (1) such other offense has as an element the use, attempted use, or threatened use of physical force against another; or (2) the conduct underlying the conviction involved the use of explosives or, by its nature, presented a serious potential risk of physical injury to another. Id.

The district court held that Rubio's felony DUI conviction was a crime of violence under § 4B1.2, and Rubio therefore was a career offender, because his DUI causing serious bodily injury presented a serious potential risk of physical injury to another. In so holding, the district relied upon United States v. Rutherford, 54 F.3d 370 (7th Cir. 1995). In Rutherford, the Seventh Circuit recognized that DUI creates a serious risk of physical injury to another and held that the defendant's first-degree assault conviction for DUI causing serious injury was a crime of violence under the

5

career offender provision of the sentencing guidelines. Id. at 377. Several other Circuits have reached similar conclusions. See United States v. Jernigan, 257 F.3d 865, 866 (8th Cir. 2001) (negligent homicide while driving under influence); United States v. DeSantiago-Gonzalez, 207 F.3d 261, 264 (5th Cir. 2000) (misdemeanor offense of driving under influence); United States v. Farnsworth, 92 F.3d 1001, 1008-09 (10th Cir. 1996) (killing a human being while driving under influence).

While we previously have not addressed the question of whether DUI causing serious =-bodily injury is a crime of violence under the career offender guidelines, we have held that DUI causing serious bodily injury is a crime of violence. Le v. U.S. Atty. Gen., 196 F.3d 1352, 1354 (11th Cir. 1999). In Le, we affirmed a determination by the Board of Immigration Appeals that an alien was subject to deportation because his DUI causing serious bodily injury was a crime of violence under § 101(a)(43)(F) of the Immigration and Naturalization Act ("INA"). Under the INA, a "crime of violence" is:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

8 U.S.C. § 1101(a)(43)(F); 18 U.S.C. § 16. Based upon our holding in Le, and the substantial similarity of the definition of "crime of violence" under the INA and the

6

sentencing guidelines, we find that the offense of DUI causing serious bodily injury is a crime of violence under the sentencing guidelines. Accordingly, Rubio's prior conviction for DUI causing serious bodily injury properly subjected him to enhanced penalties as a career offender.

Rubio next contends that the district court erred by refusing to grant him an offense level reduction for acceptance of responsibility under § 3E1.1. He claims that he demonstrated an acceptance of responsibility by initially attempting to plead guilty prior to trial, and that he withdrew his plea only to preserve a sentencing issue with respect to his career offender status. Rubio argues that the court may not deny him a reduction simply because he exercised his constitutional right to a trial.

The district court's determination of whether a defendant is entitled to a reduction for acceptance of responsibility is a finding of fact which is entitled to great deference on appeal and will be affirmed unless clearly erroneous. United States v. Rodriguez, 959 F.2d 193, 195 (11th Cir. 1992). The application of the guidelines, however, is reviewed de novo. Id. The sentencing guidelines allow a reduction in offense level for a defendant who shows remorse or contrition for his crime if the sentencing court finds that he has accepted responsibility for his crime. Id. Section 3E1.1 provides that:

> (a) If the defendant clearly demonstrates acceptance of

responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

. . .

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1. In Rodriguez, the district court denied the defendants' request for a reduction based upon acceptance of responsibility on the grounds that the defendants had not admitted their guilt in open court and would not agree not to appeal the judgment. Rodriguez, 959 F.2d at 197. We found this to be improper, stating:

If the defendant has exercised all of his rights during the entire process, including sentencing, then the chances of his receiving the two level reduction for acceptance of responsibility may well be diminished. . . . However, if a defendant has shown some sign of remorse but has also exercised constitutional or statutory rights, the sentencing judge may not balance the exercise of those rights against the defendant's expression of remorse to determine whether the "acceptance" is adequate.

Id.

In the instant case, Rubio initially appeared to accept responsibility by offering a plea of guilty. He withdrew such plea, however, and thereafter steadfastly failed to

8

accept responsibility further. He put the government to its proof and consistently attempted to minimize his role, despite videotaped evidence to the contrary. Rubio, therefore, has not accepted responsibility under § 3E1.1, and the district court did not err in refusing to grant him a reduction.

Finally, Rubio claims that the district court erred by applying a two-level enhancement for obstruction of justice based on Rubio's assault of Fernandez, a witness at Rubio's trial. Rubio tries to minimize the nature of such assault, and further contends that because such assault occurred after the trial, it therefore had no effect on the investigation or prosecution of his case. The determination of whether to grant an increase for obstruction of justice under the guidelines is a finding of fact which is reviewed for clear error. United States v. Geffrard, 87 F.3d 448, 452 (11th Cir. 1996). The application of the guidelines to the facts is reviewed de novo. Id.

Pursuant to § 3C1.1, a defendant's offense level may be increased by two levels if the court finds that:

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense . . . .

U.S.S.G. § 3C1.1. This section authorizes enhancement based upon any conduct

9

which is prohibited by the obstruction of justice provisions of Title 18. Id., comment. n.4(i). Title 18 § 1513(b) prohibits a person from inflicting bodily injury on a witness with the intent to retaliate against that witness. 18 U.S.C. § 1513(b).

The district court did not clearly err in determining that Rubio's assault on government witness and codefendant Fernandez was in retaliation for Fernandez's cooperation with the government during the investigation and trial. As such, the assault fits within the range of conduct justifying a § 3C1.1 enhancement for obstruction of justice. Even if the district court had erred, however, such error would be harmless because, based upon the application of the career offender guidelines, Rubio's offense level is raised to 34, thereby making the § 3C1.1 enhancement irrelevant. See United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998) (harmless error is error which does not affect the substantial rights of the defendant).[2]

For the foregoing reasons, we conclude that the district court did not err in its convictions and sentences of Rubio.

AFFIRMED.

---

[2] Because of the effect of Rubio's career offender status, the district court granted an upward departure based on Rubio's obstructive conduct pursuant to § 5K2.0, which authorizes such a departure if the sentencing court finds an aggravating factor "not adequately taken into consideration" by the sentencing commission. United States v. Regueiro, 240 F.3d 1321, 1324 (11th Cir. 2001). Rubio has assigned no error to the district court's § 5K2.0 upward departure.

10