[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14864
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20345-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEHGUI NORMAN COX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Nehgui Norman Cox, through counsel, appeals his 168-month sentence imposed for: (1) conspiring to distribute a detectable amount of MDMA (Count 1), (2) possessing with the intent to distribute MDMA (Count 4), and (3) attempting to distribute MDMA (Count 5). 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846; 18 U.S.C. § 2. On appeal, Cox argues (1) he did not receive reasonable notice of the career-offender enhancement, (2) the district court erred by failing to apply a two-level acceptance-of-responsibility reduction, (3) the district court miscalculated the drug quantity attributable to him, and (4) his sentence was substantively unreasonable. After review, we affirm Cox's sentence.

I.

Cox contends he did not receive reasonable notice of the district court's intent to apply the career-offender enhancement in violation of his right to due process. He also contends the probation officer failed to timely provide him with the revised PSI reflecting this enhancement, in violation of Fed. R. Crim. P. 32.

A district court may enhance a defendant's sentence as a career offender if (1) he was at least 18 years old when he committed the offense of conviction, (2) the offense of conviction was a felony constituting a crime of violence or controlled-substance offense, and (3) he had at least two prior felony convictions for crimes of violence or controlled-substance offenses. U.S.S.G. § 4B1.1(a).

2

We decline to consider Cox's challenge to the adequacy of notice related to the career-offender enhancement because he admitted to the fact of his prior convictions below. *See Oyler v. Boles*, 82 S. Ct. 501, 504 (1962) (holding defendants could not challenge the adequacy of notice regarding the state's intent to apply a state statutory recidivism enhancement because they admitted to the fact of their prior convictions below). Contrary to his contentions on appeal, Cox's defense counsel admitted during the sentencing hearing that (1) Cox pled guilty to the residential burglary listed as a qualifying conviction, (2) he was convicted of the federal drug trafficking offense listed as his second qualifying conviction, and (3) he qualified as a career offender based on these offenses.

## II.

Cox also contends the district court improperly declined to grant a two-level acceptance-of-responsibility reduction. This claim is moot because the record reflects that the district court applied a two-level reduction on this basis. *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

## III.

Cox argues the district court made an erroneous drug-quantity determination in two respects. First, he contends the district court should have sentenced him solely based on the seized MDMA, which would have resulted in a base offense

3

level of 26 instead of 28 under § 2D1.1. Second, assuming the court properly included some quantity of unseized but bargained-for MDMA, Cox argues the district court failed to apply a conservative estimate for the amount attributable to him.

Any error in the drug-quantity determination is harmless when another provision controls the guideline range. *See United States v. Rubio*, 317 F.3d 1240, 1245 (11th Cir. 2003) (holding any error in the application of an obstruction-of-justice enhancement was harmless because the career-offender guidelines controlled). The government has the burden of proving harmless error. *United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009).

Here, even assuming *arguendo* that the district court erred in its drug-quantity calculation for purposes of § 2D1.1, such error was harmless because the higher career-offender level of 32 controlled his guideline range under § 4B1.1(b). *Rubio*, 317 F.3d at 1245.

IV.

Finally, Cox argues his 168-month sentence was substantively unreasonable. Specifically, he claims the career-offender guideline range was disproportionately harsh compared to his criminal history, because he only qualified based on a burglary plea that resulted in one year's probation.

4

We review the sentence imposed by the district court for reasonableness. *United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008). The Supreme Court has clarified that the reasonableness standard means review for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). "[T]he burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence." *Williams*, 526 F.3d at 1322.

We consider the substantive reasonableness of a sentence under the totality of the circumstances. *Gall*, 128 S. Ct. at 597. A sentence is substantively unreasonable if it is not supported by the § 3553(a) factors. *Id.* at 600. A district court's "unjustified reliance" on a single § 3553(a) factor "may be a symptom of an unreasonable sentence." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Nevertheless, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Williams*, 526 F.3d at 1323.

First, Cox does not challenge the procedural reasonableness of his total sentence and has abandoned any claim in this respect. Second, Cox's 168-month total sentence was substantively reasonable because the § 3553(a) factors, including the need for adequate deterrence, to promote respect for the law, and to

5

provide sufficient punishment, show his sentence was sufficient but no greater than necessary to fulfill the statutory purposes of sentencing. Moreover, the fact that Cox's 168-month sentence falls substantially below the statutory maximum term of 240 months' imprisonment on each count reflects that the court gave due consideration to mitigating factors. Accordingly, we affirm Cox's total sentence.

**AFFIRMED.**