[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15746
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-14014-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REX PALMER ALEXANDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 10, 2010)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Rex Palmer Alexander appeals his sentence and convictions for conspiring

to manufacture, distribute, or possess with intent to distribute five grams or less of methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and possessing precursor chemicals to manufacture methamphetamine, id. § 841(c)(1). Alexander argues that the district court erroneously denied him leave to file an untimely motion to suppress; the jury should have been instructed that possession of methamphetamine was a lesser-included offense of his conspiracy charge; and the evidence was insufficient to support his convictions. Alexander also argues that the district court made three erroneous findings of fact in calculating his sentence and his sentence is unreasonable. We affirm.

The district court did not abuse its discretion by denying Alexander leave to file an untimely motion to suppress. After the deadline for filing his pretrial motion had elapsed, see Fed. R. Crim. P. 12(b)(3)(C), (c), Alexander moved to suppress his confession on the ground that "his original detention and arrest was conducted completely without probable cause, reasonable suspicion or otherwise." Several months earlier, the district court had already examined the events that preceded Alexander's arrest in determining whether to detain him until trial. See 18 U.S.C. § 3142(g). Although the district court later appointed Alexander a new attorney, the attorney had access to the written order of detention weeks before he sought leave to file an untimely motion to suppress. See United States v. Taylor,

2

792 F.2d 1019, 1024–26 (11th Cir. 1986).  Alexander failed to provide good cause to waive the deadline for the motion.  Fed. R. Crim. P. 12(e).

The district court also did not abuse its discretion by refusing to instruct the jury that possession of methamphetamine was a lesser-included offense of conspiracy to manufacture methamphetamine.  An "offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense," Schmuck v. United States, 489 U.S. 705, 716, 109 S. Ct. 1443, 1450 (1989), and conspiracy to manufacture methamphetamine and possession of that illegal drug contain different elements.  The crime of conspiracy involves an agreement to and knowing and voluntary participation in manufacturing methamphetamine, United States v. Ramsdale, 61 F.3d 825, 829 (11th Cir. 1995), and the crime of possession involves knowledge of and control over methamphetamine, United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005).  Because possession of methamphetamine "require[d] [proof of] an element not required for" conspiracy to manufacture the illegal substance, Schmuck, 489 U.S. at 716, 109 S. Ct. at 1450, Alexander was not entitled to have the jury instructed that possession of methamphetamine was a lesser-included offense.

The district court did not err in denying Alexander's motion for a judgment of acquittal.  The government presented testimony from Alexander's family, a

friend of Alexander's father, and investigating agents that Alexander lived in the house where the methamphetamine was manufactured; he purchased muriatic acid and more than 13 grams of pseudoephedrine and transported others to purchase precursor materials; he stripped striker plates from match boxes to produce red phosphorous and crushed pseudoephedrine pills; he participated in the end process of "blowing out" the methamphetamine; and he sold methamphetamine. See Miranda, 425 F.3d at 959–62. When agents searched Alexander's residence, they discovered large quantities of precursor materials and drug paraphernalia and lifted his fingerprints from a funnel and glass Pyrex dish used to manufacture the illegal substance. Alexander admitted to agents that he had purchased pseudoephedrine and had participated in manufacturing methamphetamine. See United States v. Jiminez, 564 F.3d 1280, 1285–86 (11th Cir. 2009). In addition, when Alexander saw agents searching his residence, he attempted to flee. See United States v. Garcia-Bercovich, 582 F.3d 1234, 1238 (11th Cir. 2009) (an "attempt[] to flee" can be considered "as evidence of guilt"). Although Alexander testified that he aided in the production process only to obtain methamphetamine for personal use, the jury was free to treat his testimony as substantive evidence of his guilt. Jiminez, 564 F.3d at 1285. There was overwhelming evidence to establish that Alexander was guilty both of conspiring to manufacture with intent to distribute

4

methamphetamine and of possessing precursor materials.

We reject Alexander's three challenges to the calculation of his sentence. First, the district court did not clearly err in attributing 16.78 grams of methamphetamine to Alexander. The district court was entitled to conclude that the amount of drugs seized from Alexander's residence did not adequately reflect the extent of his offense based on the large quantity of precursor materials discovered in his house, the possibility that those precursor materials could yield as much as 33.56 grams of methamphetamine, and the "complicated" nature of the drug laboratory. See United States v. Smith, 240 F.3d 927, 931 (11th Cir. 2001). Second, the district court did not clearly err by denying Alexander a reduction for a minor role in the conspiracy in the light of his contributions to the purchase of precursor materials and the manufacturing process. See United States v. Rodriguez De Varon, 175 F.3d 930, 940–41 (11th Cir. 1999) ("[T]he district court must measure the defendant's role against the relevant conduct for which []he has been held accountable."). Third, the district court also did not clearly err in denying Alexander a reduction for an acceptance of responsibility because "he proceeded to trial and 'consistently attempted to minimize his role, despite evidence to the contrary.'" United States v. Caraballo, 595 F.3d 1214, 1233 (11th Cir. 2010) (quoting United States v. Rubio, 317 F.3d 1240, 1244 (11th Cir. 2003)).

The district court also did not abuse its discretion by sentencing Alexander at the low end of the guideline range. The district court stated that it had considered "the statement of all the parties, the presentence [investigation] report which contains the advisory guidelines and the sentencing factors" and it found that a sentence of 120 months of imprisonment was necessary to "deter [Alexander] from further criminal conduct." 18 U.S.C. § 3553(a). Alexander's sentence is reasonable.

We **AFFIRM** Alexander's convictions and sentence.