[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13799
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20914-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHUCK WAYNE BOYD,
a.k.a. Dred,
a.k.a. Jamaican,
a.k.a. Bumble Bee,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 31, 2014)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Chuck Wayne Boyd appeals his total sentence of 300 months' imprisonment, imposed after he pled guilty to one count of conspiracy to possess with intent to distribute cocaine, crack cocaine, and marijuana, and one count of conspiracy to possess with intent to distribute cocaine and crack cocaine.  Boyd saw Julius Wade, a codefendant and a cooperating government witness, during an attorney visit at the jail where both men were incarcerated.  It is undisputed that Boyd told Wade to "change [Wade's] life," and Boyd allegedly then said to Wade: "I got something for you for trying to rush out there to them hos."  On appeal, Boyd argues that the district court erred in applying a two-level enhancement for obstruction of justice based on these two statements.

We review the district court's findings of fact underlying an obstruction-of-justice enhancement for clear error, and the district court's application of the factual findings to the sentencing guidelines are reviewed de novo.  *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011).  Under the clear-error standard, we "must affirm the district court unless review of the entire record leaves us with the definite and firm conviction that a mistake has been committed."  *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003) (internal quotation marks omitted).  We will not reverse the district court's plausible fact findings even if we would have decided the case differently.  *Id.*  Additionally, we give substantial deference to a district court's credibility determinations.  *Id.*

2

The Sentencing Guidelines provide a two-level enhancement for obstruction of justice if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. The enhancement is appropriate where the district court finds that the defendant "threaten[ed], intimidate[ed], or otherwise unlawfully influenc[ed] a co-defendant, witness, or juror, directly or indirectly, or attempt[ed] to do so." *Id.*, cmt. n. 4(A). In *United States v. Rubio*, we held that an obstruction-of-justice enhancement was appropriate based on the defendant's assault on a witness after trial, rejecting Rubio's argument that because the assault occurred after trial, it could not impact the prosecution of his case. 317 F.3d 1240, 1244–45 (11th Cir. 2003).

On appeal, Boyd argues that the district court erred in imposing the obstruction-of-justice enhancement because the government failed to meet its burden of proving that the enhancement applied through reliable and specific evidence, and failed to show that Boyd acted with the purpose of obstructing justice. Any finding that Boyd's statement to Wade—specifically, that Boyd had "something" for Wade—was intended as a threat against Wade or Wade's family was based on speculation. Also, because Boyd made the statement several months after Wade had been debriefed and about a month after pleading guilty, Boyd's

3

statements could not have been made in an attempt to influence Wade's testimony or to obstruct justice.

In response, the government argues that Boyd did not object to the application of the obstruction-of-justice enhancement on the ground that the district court erred in construing his remarks against Wade as a threat, and instead, argued before the district court that he had not threatened Wade at all and that, even if he did, he did not do so with the intent to obstruct justice. Further, having heard the differing accounts of the encounter between Boyd and Wade, the district court found that Boyd threatened Wade in retaliation for Wade's cooperation with the government, and in light of the entire record Boyd has not shown that this determination was clear error. The obstruction-of-justice enhancement applies to the actual or attempted obstruction with respect to investigation, prosecution, or sentencing, *see* U.S.S.G. § 3C1.1. , cmt. n. 4(A), and at the time Boyd confronted Wade, Boyd did not know whether Wade's testimony would be used against him at sentencing. It is irrelevant whether Boyd's statement actually obstructed justice, and the record fully supports the district court's findings.

Upon review, we find that the district court did not err in applying the obstruction-of-justice enhancement.[1] The district court found that both statements

---

[1] As a preliminary matter, Boyd adequately presented the various grounds for his objection to the obstruction-of-justice enhancement to the district court to preserve the entire claim for appeal. The government argues that Boyd failed to specifically argue that his statement

were intended as threats against Wade, concluding that Wade's testimony was believable and that another witness's testimony, which indicated that Boyd did not intend to threaten Wade and that Boyd never made the second statement, was not credible.  Here, there were two potentially permissible views of the evidence, and the district court's determination, after hearing both Wade's and Bradshaw's testimonies firsthand, to adopt Wade's version of events cannot be clearly erroneous.  *See McPhee*, 336 F.3d at 1275.

Boyd's argument regarding the timing of his statements to Wade is also unavailing.  By its plain language, the obstruction-of-justice enhancement applies to any threats made against a witness during any stage of the proceedings, including sentencing.  *See* U.S.S.G. § 3C1.1 & cmt. n.4(A).  Although Boyd had already entered into a plea agreement with the government at the time of the comments, he had not yet been sentenced, and the threat made against Wade could still have obstructed justice by impacting Boyd's sentencing.  *See Rubio*, 317 F.3d at 1244–45.  Accordingly, we affirm.

**AFFIRMED.**

---

to Wade was too ambiguous to constitute a threat.  However, the district court's findings indicate that it clearly understood and specifically rejected Boyd's alternative position that, regardless of what was said, Boyd did not intend to threaten Wade.  *See United States v. Siegel*, 153 F.3d 1256, 1262–63 (11th Cir. 1998) (holding that the district court's response to an objection demonstrated that it was aware of defense counsel's contention underlying the objection, such that the issue was properly preserved for appeal).