[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13529
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00007-DHB-BKE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUGUSTUS MILLER, JR.,
a.k.a. A.J.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 26, 2015)

Before ED CARNES, Chief Judge, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Augustus Miller, Jr. appeals his 180-month sentence, imposed after he pleaded guilty to conspiracy to distribute and possess with intent to distribute quantities of cocaine base, cocaine hydrochloride, and marijuana, in violation of 21 U.S.C. § 846.  He challenges the procedural reasonableness of his sentence on the ground that the district court erred in determining the drug quantity attributable to him.

Miller's Presentence Investigation Report, relying largely on the post-arrest statement of one of his co-defendants, held him accountable for 2.8 kilograms of cocaine base, 14 grams of cocaine hydrochloride, and 406.58 grams of marijuana. Those drug quantities were equivalent to 10,002 kilograms of marijuana, which corresponded with a base offense level of 36. See U.S.S.G. § 2D1.1 cmt. n.8(D) (2013) (drug equivalency tables); id. § 2D1.1(c)(2) (2013).

The PSR also determined that Miller was a career offender.  A career offender's base offense level is the higher of the level dictated by the career-offender guideline or the "otherwise applicable" level.  See U.S.S.G. § 4B1.1(b). Under the career-offender guideline, Miller's base offense level was 32. See id. § 4B1.1(b)(3) (providing that the base offense level is 32 for a career offender convicted of an offense carrying a statutory maximum of at least 20 years but less than 25 years); 21 U.S.C. §§ 846, 841(b)(1)(C) (providing a 20-year maximum sentence for Miller's offense of conviction).  The "otherwise applicable" level of

2

36 was higher.  Thus, that higher base offense level, which was based on the drug quantity attributable to Miller and not on his status as a career offender, controlled.

After factoring in a three-level reduction for acceptance of responsibility, the PSR calculated Miller's total offense level as 33.  That offense level, coupled with a criminal history category of VI and capped at the statutory maximum, yielded an advisory guidelines range of 235 to 240 months.[1]

Miller objected to the PSR's drug-quantity determination.  At his sentence hearing, the district court did not attribute to Miller the large drug quantity that his co-defendant had described in his post-arrest statement.  Instead, focusing on quantities corroborated by other evidence, the court found that Miller was accountable for 169.5 grams of cocaine base, 14 grams of cocaine hydrochloride, and 423 grams of marijuana.  Those drug quantities were equivalent to 608.5 kilograms of marijuana, which was only about six percent of the drug quantity attributed to Miller in the PSR (10,002 kilograms).  That lesser quantity of drugs called for a base offense level of 28.  See U.S.S.G. § 2D1.1 cmt. n.8(D) (2013) (drug equivalency tables); id. § 2D1.1(c)(6) (2013).

After the district court made its drug-quantity determination, Miller's offense level as a career offender (32) was higher than the "otherwise applicable"

---

[1] With his 13 criminal history points, Miller would have fallen into criminal history category VI even if he were not a career offender.  See U.S.S.G. § 4B1.1(b) (providing that a career offender's criminal history category is VI in every case).

level (28) based on drug quantity.  As a result, the higher base offense level of 32, which was based on Miller's status as a career offender, controlled.  See U.S.S.G. § 4B1.1(b).  After factoring in a three-level reduction for acceptance of responsibility, the court calculated his total offense level as 29.  That offense level, coupled with a criminal history category of VI, yielded an advisory guidelines range of 151 to 188 months.  The court sentenced Miller to 180 months imprisonment.

We need not decide whether the district court committed procedural error in determining Miller's drug quantity because any error in that regard did not affect Miller's sentence.  His advisory guidelines range was not based on the drug quantity attributed to him under United States Sentencing Guidelines § 2D1.1. Instead, it was based on his status as a career offender under § 4B1.1 — a status that he did not challenge in the district court and that he does not challenge now. So, even if the district court had attributed as little as one gram of marijuana to Miller, his base offense level and advisory guidelines range would still have been exactly what the court determined them to be.  Because any error in the district court's drug-quantity determination was harmless, we disregard it.  See Fed. R. Crim. P. 52(a); see also, e.g., United States v. Rubio, 317 F.3d 1240, 1245 (11th Cir. 2003) (concluding that any error in the district court's application of the obstruction of justice enhancement was harmless because the career-offender

4

guideline determined the defendant's base offense level); cf. United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006) ("[I]t is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence.") (quotation marks omitted).

**AFFIRMED.**