[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10443
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cr-60121-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEONDRAE NEELY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 3, 2017)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Keondrae Neely pleaded guilty to Hobb's Act robbery and discharging a

firearm during a crime of violence.  The district court sentenced him to 240 months in prison followed by five years of supervised release.  That sentence fell well below his advisory guidelines range of 271 to 308 months imprisonment.  Neely contends that the district court erred in calculating his guidelines range by (1) applying a career offender enhancement based on his previous convictions for burglary, (2) applying a reckless endangerment enhancement, and (3) refusing to apply a mitigating role reduction.

"We review de novo a district court's decision to classify a defendant as a 'career offender' under" the guidelines.  United States v. Whitson, 597 F.3d 1218, 1220 (11th Cir. 2010).  The sentencing guidelines define a "career offender" as a defendant who (1) was eighteen years old at the time of his conviction, (2) is convicted of a violent felony or controlled substance offense, and (3) has at least two prior felony convictions for either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a) (2015).[1]  At the time Neely was sentenced, the guidelines defined a "crime of violence" as:

> Any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

[1] We apply the 2015 version of the sentencing guidelines in this case because those were the guidelines in effect at the time that Neely was sentenced.  United States v. Descent, 292 F.3d 703, 707 (11th Cir. 2002) ("When reviewing the district court's application of the sentencing guidelines, we apply the version of the guidelines in effect on the date of the sentencing hearing.").

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 4B1.2(a) (2015).  The final portion of the second prong of that definition ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is known as the residual clause.  The addendum to the presentence investigation report explains that Neely is subject to a career offender enhancement because he has six prior convictions that fall within the residual clause.

In Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), the Supreme Court concluded that a provision of the Armed Career Criminal Act that was identical to § 4B1.2(a)'s residual clause was unconstitutionally vague.  Neely argues that, for that reason, we must conclude that the § 4B1.2(a)(2) is also unconstitutionally vague.  But the Supreme Court has since clarified that Johnson's holding does not extend to the sentencing guidelines because the guidelines are not subject to vagueness challenges.  Beckles v. United States, No. 15-8544, 580 U.S. ___, 2017 WL 855781 (March 6, 2017).  As a result, we reject Neely's argument to the contrary.[2]

---

[2] Neely contends that our decision in United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015), somehow invalidated the sentencing guidelines as a whole and returned this circuit to a pre-guidelines state of total judicial discretion.  It did not.  For one thing, such a conclusion would be precluded by binding Supreme Court precedent.  See e.g., United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).  For another, in its discussion of the residual clause, the Matchett court merely reached the same conclusion that the Supreme Court recently did in Beckles: that the residual clause in the sentencing guideline's career offender enhancement is not

Next, Neely argues that — even if the residual clause is not unconstitutional — it should not have been applied to him because, after he was sentenced, the United States Sentencing Commission amended the guidelines to remove the residual clause. U.S.S.G. App. C., amend. 798 (Aug. 1, 2016). He argues that this was merely a "clarifying" amendment that should be retroactive. He is mistaken.

"[A]mendments that clarify the guidelines . . . should be considered on appeal regardless of the date of sentencing. . . . Substantive amendments, on the other hand, are not applied retroactively on direct appeal." United States v. Jerchower, 631 F.3d 1181, 1184 (11th Cir. 2011). We look to a number of factors in determining whether an amendment to the guidelines is substantive or clarifying. First, we have explained that changes to the text of the guidelines, as opposed to changes only to the commentary accompanying them, are more likely to be substantive changes. Id. at 1185. Second, we consider "whether the Commission has described an amendment as clarifying or whether its statements in the amendment commentary reflect a substantive change in the punishment for an offense." Id. "Third, we examine whether the Commission has included the amendment in the list of retroactive amendments in [U.S.S.G.] § 1B1.10[(d)]." Id.

---

subject to a vagueness challenge. Matchett, 802 F.3d at 1193–96. It made no mention of invalidating the guidelines in toto and, indeed, applied the guidelines. Id. at 1196–98.

4

And, "[f]inally, we have noted that an amendment overturning circuit precedent suggests a substantive change . . . ." Id.

Here, the Commission deleted an entire provision of the text, stated that it was doing so "as a matter of policy" (although it did say that it was motivated, at least in part, by many of the same concerns discussed by the Supreme Court in Johnson), and did not include the amendment in the list of retroactive amendments. U.S.S.G. § 1B1.10(d) (2016); id. App. C., amend. 798 (Aug. 1, 2016). These are hallmarks of a substantive amendment, not a clarifying one. Neely's argument that the amendment is clarifying because it affirms Johnson's application to the guidelines' residual clause is unavailing because we now know that Johnson has no application to the guidelines. See generally Beckles, 580 U.S. ___, 2017 WL 855781.[3]

For those reasons and because Neely does not argue that, if the residual clause remains valid and is not retroactive, his prior crimes do not qualify as "crimes of violence," the district court did not err by classifying Neely as a career

---

[3] Neely's argument that failing to apply this amendment retroactively would result in an unwarranted sentencing disparity in violation of 18 U.S.C. 3553(a)(6) because later defendants will benefit from the amendment is without merit. While he is correct that he will not benefit from the amendment based solely on the date he was sentenced, that fact alone does not amount to an unwarranted sentencing disparity. If it did, every amendment to the guidelines would have to be retroactive and that is clearly not the case. See 18 U.S.C. § 3553(a)(5) (directing sentencing courts to apply the guidelines "in effect on the date the defendant is sentenced"); id. § 3582(c)(2) (limiting a court's ability to modify sentences based on a later amendment to the guidelines to those cases where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

offender.

Because we conclude that the district court did not err by applying the career offender enhancement while calculating Neely's guideline range, we need not consider his argument that he was entitled to a mitigating role reduction under U.S.S.G. § 3B1.2.  Career offenders are not entitled to such reductions.  See United States v. Jeter, 329 F.3d 1229 (11th Cir. 2003).

Likewise, we need not decide whether the district court erred by applying a reckless endangerment enhancement.  Because Neely is a career offender who pleaded guilty to an offense carrying a maximum sentence of life in prison, his offense level would have been 34 (after applying a 3-level reduction for his acceptance of responsibility under U.S.S.G. § 3E1.1) regardless of whether the district court applied that enhancement.  See U.S.S.G. § 4B1.1(b)(1).  As a result, any error in applying the reckless endangerment enhancement was harmless.  See United States v. Rubio, 317 F.3d 1240, 1244–45 (11th Cir. 2003).

In sum, the district court did not err by applying a career offender enhancement under the guidelines.  For that reason, Neely is not entitled to a mitigating role reduction and to the extent that the district court erred by applying a reckless endangerment enhancement that error was harmless.[4]

---

[4] Because we affirm the decision of the district court without considering the evidence the government seeks to add to the record on appeal, we **DENY AS MOOT** the government's motion to supplement the record.

**AFFIRMED.**