[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10277
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20205-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL JOHN PYE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 21, 2019)

Before WILSON, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Daniel Pye appeals his convictions and sentences for traveling in foreign commerce for the purpose of engaging in illicit sexual conduct.  On appeal, Pye first argues that the district court abused its discretion when it denied his motion for a new trial based on newly discovered evidence and violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Specifically, he argues that the government failed to disclose before trial certain conversations between one of the government's agents and certain witnesses. Those conversations, he contends, demonstrate that the witnesses, who were Haitian, had a motive to alter their testimony in exchange for immigration benefits. He argues that these conversations also demonstrated that the government's agent and the witnesses perjured themselves at trial when they denied the existence of promises for such benefits.  Second, Pye contends that his sentence was procedurally unreasonable because the district court improperly applied grouping rules and a vulnerable-victim enhancement to his offense-level calculation.  Third, Pye asserts that his 480-month sentence was substantively unreasonable because the district court indicated at sentencing that 420 months' imprisonment may be sufficient.  Finally, Pye argues that the district court erred by imposing a $15,000 assessment pursuant to 18 U.S.C. § 3014, which did not exist at the time Pye committed the offense conduct.

## I

Pye first contends that the district court erred when it denied his motion for a new trial based on *Giglio* and *Brady* violations arising out of newly discovered evidence. We review the district court's denial of his motion for an abuse of discretion. *United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002).

To obtain a new trial based on newly discovered evidence, the defendant must show that (1) the new evidence was discovered after the trial, (2) the failure to discover it was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence was material, and (5) the evidence was such that a new trial would probably produce a new result. *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (quoting *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999)).

To succeed on a motion for a new trial based on a *Brady* violation, the defendant must show that "(1) the prosecution suppressed evidence; (2) the evidence was favorable to him; and (3) the evidence was material to the establishment of his guilt or innocence." *United States v. Jeri*, 869 F.3d 1247, 1260 (11th Cir.), *cert. denied*, 138 S. Ct. 529 (2017) (quoting *United States v. Beale*, 921 F.2d 1412, 1426 (11th Cir. 1991)). Evidence that is favorable to the defendant may include impeachment evidence. *United States v. Flanders*, 752 F.3d 1317, 1333 (11th Cir. 2014). Further, evidence is material "only if there is a

3

reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Jeri*, 869 F.3d at 1260 (citation omitted). In other words, the defendant must establish that the favorable evidence could reasonably undermine confidence in the verdict. *Id.* And to prevail on a *Giglio* claim, "the defendant must demonstrate that the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." *Vallejo*, 297 F.3d at 1163–64 (citation and quotation marks omitted).

The district court did not abuse its discretion when it denied Pye's motion for a new trial based on newly discovered evidence because the government's post-trial disclosures, indicating that the government's Haitian witnesses were granted Deferred Action status to remain in the United States for an additional six months, was not evidence that would have affected the jury's verdict. Specifically, the trial record and the testimony from the hearing on the motion for new trial demonstrated that none of the witnesses believed they were promised immigration benefits in exchange for their testimony and the post-trial disclosures indicated that the witnesses did not know about the Deferred Action steps taken on their behalf until after the trial. Pye has not established that there is new material evidence that would probably lead to a different result at trial or help establish his innocence. *See Jernigan*, 341 F.3d at 1287; *Jeri*, 869 F.3d at 1260.

4

## II

Next, Pye argues that his sentence is procedurally unreasonable because the district court misapplied the grouping rules and the vulnerable-victim enhancement in the Sentencing Guidelines. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). To determine the reasonableness of a sentence, the first question we must address is whether the district court committed any procedural error, such as failing to calculate, or improperly calculating, the appropriate Sentencing Guideline range or selecting a sentence based on erroneous facts. *Id.* at 51.

A party waives an objection when, regardless of the objections included in the presentence investigation report ("PSI") addendum, he does not articulate his arguments when afforded the opportunity by the district court. *United States v. Jones*, 899 F.2d 1097, 1102–03 (11th Cir. 1990), *overruled in part on other grounds*, *United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (*en banc*). Where the defendant fails to make objections before the district court, we will review them only for plain error. *United States v. Shelton*, 400 F.3d 1325, 1328 (11th Cir. 2005). Under plain-error review, there must be an error, the error must be plain, the error must have affected substantial rights of the defendant, and it must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016).

5

The sentencing court's application of the Sentencing Guidelines is reviewed *de novo*, including whether the court correctly grouped the offenses of conviction. *United States v. Doxie*, 813 F.3d 1340, 1343 n.2 (11th Cir. 2016). This *de novo* review also includes whether the district court correctly applied a vulnerable-victim enhancement. *United States v. Kapordelis*, 569 F.3d 1291, 1315 (11th Cir. 2009). The district court's factual findings are reviewed for clear error. *Id.* at 1313. A finding of fact is clearly erroneous when, after reviewing all of the evidence before it, we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013) (quotation marks omitted). The district court may base its factual findings on "evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." *United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008) (quoting *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004)).

"[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203 (1992). For example, we have found that, even if the district court erred in calculating a defendant's Guideline range, such error would be

harmless because the career-offender Guidelines raised his offense level such that the application of the enhancement in question was irrelevant. *See United States v. Rubio*, 317 F.3d 1240, 1244–45 (11th Cir. 2003).

Section § 2G1.3 of the Guidelines provides, as relevant here, that the base offense level for a defendant convicted of traveling to engage in a commercial sex act or prohibited sexual conduct with a minor is 24. U.S.S.G. § 2G1.3(a)(4). The section also provides for specific-offense-characteristic enhancements such as: (1) a 2-level enhancement if the minor was in the custody, care, or supervisory control of the defendant, § 2G1.3(b)(1)(B); (2) a 2-level enhancement if the minor was unduly influenced to engage in prohibited sexual conduct, § 2G1.3(b)(2)(B); (3) a 2-level enhancement if the offense involved the commission of a sex act or sexual contact, § 2G1.3(b)(4)(A); and (4) an 8-level enhancement if the offense involved a minor who was not yet 12 years old, § 2G1.3(b)(5).

For the purposes of the care-and-custody enhancement, the Guidelines note that it is "intended to have broad application and includes offenses involving a victim less than 18 years of age entrusted to the defendant, whether temporarily or permanently." U.S.S.G. § 2G1.3 cmt. n.2(A). In determining whether the enhancement for undue influence applies, the district court should consider whether the defendant's "influence over the minor compromised the voluntariness of the minor's behavior," which may occur even without prohibited sexual

7

conduct. U.S.S.G. § 2G1.3 cmt. n.3(B). Moreover, in a case where the defendant is at least 10 years older than the minor, there is a rebuttable presumption that such undue influence existed. *Id.*

Separately, when a defendant is convicted on multiple counts, the Guidelines instruct that the district court should "group 'closely related' counts of conviction according to the rules in § 3D1.2 before determining each group's offense level and the combined offense level for all the counts." *Doxie*, 813 F.3d at 1343 (citing U.S.S.G. § 3D1.1). Pursuant to U.S.S.G. § 3D1.2, "counts are to be grouped together for purposes of calculating the appropriate guideline range whenever they involve substantially the same harm." *Id.* at 1344 (quotation marks omitted). The combined offense level is determined by taking the offense level for the grouping with the highest offense level and applying a three-level enhancement if there are two and a half to three groupings, or a four-level enhancement if there are three and a half to five groupings. U.S.S.G. § 3D1.4.

Section § 2G1.3, which covers prohibited sexual conduct with a minor, provides that the multiple-count provision in § 3D1.4 applies if the offense of conviction involved more than one minor. U.S.S.G. § 2G1.3(d)(1). In other words, multiple counts involving more than one minor are not to be grouped together by conviction under § 3D1.2, and if the conduct of an offense of conviction includes travel or transportation to engage in prohibited sexual conduct

8

with respect to more than one minor, whether or not specifically cited in the count of conviction, each minor shall be treated as if contained in a separate count of conviction. *Id.* cmt. n.6.

Separately—again—a two-level enhancement applies under § 3A1.1(b)(1) if the defendant knew or should have known that the victim was vulnerable. U.S.S.G. § 3A1.1(b)(1). A vulnerable victim is one who is "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* cmt. n.2. However, Application Note 2 provides that this enhancement should not apply if "the factor that makes the person a vulnerable victim is incorporated in the offense guideline." *Id.* Specifically, "if the offense guideline provides an enhancement for the age of the victim, this [enhancement] would not be applied unless the victim was unusually vulnerable for reasons unrelated to age." *Id.*

Offense level 43—which is Pye's reduced total offense level—is the highest level in the Sentencing Table in § 5A. For the top offense level of 43, the Guideline range for any criminal history category is a term of life imprisonment. U.S.S.G. § 5A. Application Note 2 provides that a total offense level more than 43 should be treated as an offense level of 43. *Id.* cmt. n.2. Where the statutory-maximum sentence of an offense is less than the minimum of the applicable Guideline range, the Guideline sentence shall be the statutory maximum. U.S.S.G.

§ 5G1.1(a).  Moreover, the Guidelines provide that, where a defendant is convicted of multiple counts, and the statutory maximum of one count is less than the total punishment, the sentences for the other counts should run consecutively to the extent necessary to produce a sentence equal to the total punishment.  U.S.S.G. § 5G1.2(d).  A conviction under 18 U.S.C. § 2423(b) carries a statutory maximum term of imprisonment of 30 years.  18 U.S.C. § 2423(b).

Here, the district court improperly applied the grouping rules, but the error was harmless.  It should have used the multiple-count adjustment in § 3D1.4 to determine a combined adjusted offense level from five victim-based groups, not three date-of-conviction groups.  U.S.S.G. § 2G1.3(d)(1).  A properly calculated offense level, however, would not have reduced Pye's final Guidelines range.  Under either calculation method, Pye's total offense level is 43: Correctly creating five victim-groups under § 3D1.4, then applying § 3D1.1 to add four points to the highest offense level of those five groups, and then applying a five-point enhancement under § 4B1.5(b)(1) because Pye engaged in a "pattern of activity involving prohibited sexual conduct" yields a total offense level of 49 points.  This is one point less than the PSI's calculation of 50 points.  The error is harmless, though, because whenever a total offense level is above 43, it is reduced to 43 and the Guidelines provide a range of life imprisonment or the defendant's statutory maximum sentence.  *See Williams*, 503 U.S. at 203.

10

What's more, the same sentencing enhancements apply under either the improper conviction-grouped calculation or the proper victim-based calculation. Pye did not make any factual objections to his presentence investigation report before the district court, and he therefore waived any objections to the facts regarding the age of the five victims or his conduct with them. *See Jones*, 899 F.2d at 1102–03. The district court did not plainly err in relying on the undisputed facts when imposing the enhancements. *Id.* Pye is subject to the two-level enhancement for a minor in his custody or care, § 2G1.3(b)(1)(B); the two-level enhancement for undue influence over a minor to engage in prohibited sexual conduct, § 2G1.3(b)(2)(B); the two-level enhancement because his offense involved the commission of a sex act, § 2G1.3(b)(4)(A); and the eight-level enhancement because his § 2G1.3(a)(4) baseline conduct—engaging in prohibited sexual conduct with a minor—involved a minor under twelve  years of age, § 2G1.3(b)(5)(B).

Finally, we need not determine whether the vulnerable-victim enhancement was applied in error because removing the enhancement does not bring Pye's offense level below 43. *See* U.S.S.G. § 3A1.1 cmt. n.2. Any error in applying the enhancement would have no effect on Pye's substantial rights. *See Molina-Martinez*, 136 S. Ct. at 1343.

11

Pye's sentence was procedurally reasonable despite the district court's errors in calculating his Guideline range as to grouping and applying an enhancement for vulnerable victims because even the properly calculated offense level would not have changed his offense level such that a lower Guideline range would result.

## III

Third, Pye argues that his sentence was substantively unreasonable. If the sentence is procedurally sound—here, because the error is harmless—then we consider the sentence's substantive reasonableness and take into consideration the extent of any variance from the Guideline range. *Gall*, 552 U.S. at 51. The district court is afforded the discretion to weigh the 18 U.S.C. § 3553(a) factors. *United States v. Saac*, 632 F.3d 1203, 1214–15 (11th Cir. 2011). The district court does not need to state that it has considered each factor enumerated in § 3553(a), as an acknowledgement that it has considered the § 3553(a) factors will suffice. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). The § 3553(a) factors provide the district court with discretion to select a sentence that serves the purpose of, among other things, reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, and protecting the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The district court is permitted to "attach great weight to one factor over others." *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014) (quotation marks

12

omitted).  A district court abuses its discretion when, in imposing a sentence, it fails to consider relevant factors, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment when it considers the proper factors.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The party seeking to prove the sentence unreasonable bears the burden of proof. *Id.* at 1191 n.16.  Where a sentence is consistent with the Guidelines' application of the § 3553(a) factors, it is probable that the sentence is reasonable.  *Id.* at 1185. We will vacate a sentence only if we are left "with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id.* at 1190 (quotation marks omitted).

The district court did not abuse its discretion by imposing a substantively unreasonable sentence.  At the sentencing hearing, the judge stated that "there's a whole bunch of sentences that could be imposed" that are less than Pye's Guidelines sentence of 1,080 months' imprisonment "that would afford adequate deterrence."  And, in varying downward Pye's sentence to 480 months, the judge noted that Pye was not "irredeemable" or "one dimensional."  Combined with the district court's reasoned consideration of the § 3553(a) factors, Pye's sentence does not constitute a "clear error of judgment."  *See Irey*, 621 F.3d at 1190.

13

**IV**

Finally, Pye contends that the district court plainly erred by imposing a $15,000 assessment pursuant to 18 U.S.C. § 3014. *See Shelton*, 400 F.3d at 1328 (holding that where the defendant fails to make an objection before the district court, we review for plain error).

The Constitution prohibits the enactment of any *ex post facto* law. *Peugh v. United States*, 569 U.S. 530, 538 (2013); *see also* U.S. Const. art. 1, § 9, cl. 3. A law that changes the punishment of a crime or inflicts a greater punishment than the law provided when the crime was committed is an *ex post facto* law. *Peugh*, 569 U.S. at 538. This protection "ensures that individuals have a fair warning of applicable laws and guards against vindictive legislative action." *Id.* at 544.

Under 18 U.S.C. § 3014, a non-indigent defendant convicted of violating 18 U.S.C. § 2423(b) must pay a special assessment of $5,000 for each count of conviction. *See* 18 U.S.C. § 3014(a). The section follows the date of enactment of the Justice for Victims of Trafficking Act of 2015, which was enacted on May 29, 2015. *Id.*; *see also* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22, tit. I, § 101(a), tit. IX, § 905 (2015).

The district court plainly erred by violating the *Ex Post Facto* Clause when it imposed a $5,000 per count special assessment pursuant to 18 U.S.C. § 3014, which was enacted three years after Pye's criminal conduct had ended. The error

14

affected Pye's substantial rights by increasing his punishment, and we therefore vacate the $15,000 special assessment.

**AFFIRMED IN PART, VACATED IN PART.**